UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

    Plaintiff,

v.

CARNIVAL CORPORATION, a Panamanian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

    Defendant.
_____/

**DEFENDANT CARNIVAL CORPORATION'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT DATED OCTOBER 27, 2020
WITH INCORPORATED MEMORANDUM OF LAW**

    Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 8(a), 10(b) 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof would state as follows:

**INTRODUCTION**

    1.    This is a personal injury matter arising from an incident that occurred while Plaintiff Maria Perez-Sera was a passenger aboard the Carnival *Horizon* in August of 2019. [D.E. 9, ¶ 15-16] In summary, Plaintiff contends she was knocked down by a passenger's electric scooter and suffered injuries. [Id. at ¶ 17] She further alleges that her injuries were not treated appropriately by the ship's medical staff. [Id. at ¶83]

    2.    Plaintiff's Amended Complaint is an impermissible "shotgun" pleading that contains inadequately pled and commingled causes of action. Additionally, Plaintiff's

Amended Complaint improperly attempts to incorporate the Pennsylvania Rule into various Counts without asserting the requisite basis.

## LEGAL STANDARD

On a Motion to Dismiss, the court must accept as true all the allegations in the Complaint and construe them in the light most favorable to the Plaintiff. Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1262 (11 th Cir. 2004). However, factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265 (1986).

"[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a causation of action will not do." Twombly, 550 U.S. at 555; *see also* Ashcroft v. Iqbal, 556 U.S. 662 (2009). Rule 12(b)(6) demand more than unadorned, "the defendant-unlawfully-harmed-me" accusation, meaning that a plaintiff is required to plead sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Allbright v. Teva Pharmaceuticals USA, Inc., 290 F.Supp. 3d 1321 (S.D. Fla. 2017).

## THIS ACTION IS GOVERNED BY GENERAL MARITIME LAW

Incidents occurring on the navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959); Kornberg v. Carnival Cruise Lines, Inc., 741 F. 2d 1332, 1334 (11th Cir. 1984); Hallman v. Carnival Cruise Lines, Inc.

459 So.2d 378, 379 (Fla. 3d DCA 1984). It is well-settled that the law governing passenger suits against cruise lines is the general maritime law. Everett v. Carnival Cruise Lines, Inc., 912 F.2d 1355, 1358 (11th Cir. 1990); Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318 (11th Cir. 1989). The Complaint alleges that the subject incident occurred while Plaintiff was a passenger aboard the Carnival Horizon. [D.E. 1 at ¶15]. Accordingly, general maritime law applies.

## ARGUMENT

### I. PLAINTIFF'S AMENDED COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING SUBJECT TO DISMISSAL

Motions to Dismiss based upon commingled claims are governed by Federal Rules of Civil Procedure 8(a) and 10(b). Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim that will "give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. Veltmann v. Walpole Pharmacy, Inc., 928 F.Supp. 1161 (M.D. Fla. 1996) *citing* Conley v. Gibson, 355 U.S. 41 (1957); Waxman v. Equitable Life Assur. Society of U.S., 2008 WL 619321 (S.D. Fla. 2008)(granting motion to dismiss where the complaint commingled every claim and factual allegation and thereby prevented defendant from forming a reasonable response to the allegations). Rule 10(b) requires that "[i]f so doing would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." Fed.R.Civ.P. 10(b).

Complaints that violate either Rule 8(a)(2) or 10(b) are often disparagingly referred to as "shotgun pleadings." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11 th Cir. 2015). In Weiland, the Eleventh Circuit Court of Appeals explained:

> [We] have identified four rough types of categories of shotgun pleadings. The most common type-by a long shot- is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests. [emphasis added]

Weiland, 792 F.3d at 1321-1323 (citations omitted); *see also* Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 (11th Cir. 2018).

Plaintiff's Amended Complaint improperly incorporates preceding allegations into each successive count [D.E. 9,¶ 44, 55, 70, 80, 89]. For example, while paragraphs 33 and 37-42 undisputedly assert allegations of negligence against Carnival's arising from the scooter incident, these allegations are repeated in Counts IV and V which purport to assert vicariously liability claims for negligent medical care. [Id. at ¶80, 89]. Additionally, Counts I, II and III each mimic the other in an unnecessarily cumulative fashion. For example, Count I purports to allege a general claim of negligence against Carnival, yet it also incorporates negligent training and warning theories that are identical to allegations asserted in Counts II and III. [Id. at ¶51(f)(g)(h)(i)(n)(o)(p); ¶65(c) and ¶76(a)-(n)]

As a consequence, Plaintiff's Amended Complaint fails to give Carnival clear and concise notice of the claims against it and the grounds upon which each claim rests. Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety as an

improper shotgun pleading pursuant to Fed.R.Civ. P. 8(a) and 10(b). In the alternative, Defendant is entitled to a Complaint containing specific factual allegations of its alleged wrongdoing categorized into individually separate and unique counts.

**II.     PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A SUFFICIENT BASIS FOR THE APPLICATION OF THE PENNSYLVANIA RULE**

Additionally, Plaintiff alleges in Counts I, II and III that Carnival's failure to comply with "applicable industry standards, statutes, and/or regulations likewise invokes "the Pennsylvania Rule," thereby shifting the burden of proving the absence of negligence to the Defendant. However, the Pennsylvania Rule applies to an allusion (the sudden impact of a vessel with a stationary object) as well as a collision of two crashing vessels. The Pennsylvania, 86 U.S. 125, 136 (1873); *see also* Superior Const. Co., Inc. v. Brock, 445 F.3d 1334, 1340 (11th Cir. 2006). For the Pennsylvania Rule to apply, Plaintiff must allege (1) a statutory rule; (2) intended to prevent collisions; (3) that Carnival violated at the time of the collision or allision. Id. at 136. Plaintiff fails to assert any of these required allegations in her Amended Complaint. Instead, Plaintiff specifically asserts (and reincorporates into every Count in the Complaint) that the subject incident occurred when a passenger drove an electric scooter into (her) and knocked her down." [DE 1 ¶17] Therefore, the Amended Complaint is not only devoid of the requisite allegations to support the application of the Pennsylvania Rule, but also completely lacking of any logical basis to justify extending its viability beyond the initial pleading stage. *Cf.* Scouten v. NCL (Bahamas) Ltd., 2009 WL 10692716 (S.D. Fla. March 4, 2009)(denying motion to dismiss because "a collision or allision could plausibly have been a contributory cause of plaintiff's injuries"). Accordingly, Defendant requests that Paragraphs 52, 66 and 77 be dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests entry of an Order dismissing Plaintiff's Amended Complaint in its entirety (and that Paragraphs 52, 66 and 77 be dismissed with prejudice) along with any other further relief this Court deems just and proper.

    Respectfully Submitted,

    GRAY ROBINSON, P.A.
    515 North Flagler Drive, Suite 1425
    West Palm Beach, Florida 33401
    Telephone: (561) 268-5727
    Facsimile: (561) 268-5745

By: */s/ Michael J. Drahos*
    Michael J. Drahos
    Florida Bar No. 0617059
    *michael.drahos@gray-robinson.com*
    *lilia.parker@gray-robinson.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3rd, 2020, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Michael J. Drahos*
Michael J. Drahos

## SERVICE LIST

### CASE NO.: 1:20-cv-23463-MGC

Deborah J. Gander, Esq.
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (476)7400
Deborah@colson.com
Eservice@colson.com