UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

      Plaintiff,

v.

CARNIVAL CORPORATION, a Panamian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

      Defendant.

_____/

## DEFENDANT CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT DATED OCTOBER 27, 2020

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint dated October 27, 2020 as follows:

1.      Defendant is without sufficient knowledge needed in order to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.      It is admitted that the Court maintains subject matter jurisdiction over this matter.

3.      Denied

4.      Defendant is without sufficient knowledge needed in order to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.      It is admitted that Defendant sails out of various ports in Florida and maintains an office in Miami-Dade County.

6.      It is admitted that the Court maintains personal jurisdiction over Defendant in this matter.

7.      It is admitted that the venue is proper.

8.      Admitted.

9.      It is admitted that Defendant owns the Carnival Horizon.

10.     It is admitted that Dr. Claudia Gonzalez Chagin was an independent contractor providing care and treatment to passengers in the medical center of the Carnival Horizon as a ship doctor along with Nurses Xavier Rosales and Michelle Paz during the subject voyage.

11.     Denied.

12.     Paragraph 12 of the First Amended Complaint does not require a response from this Defendant.

13.     It is admitted that general maritime law applies to this matter.

14.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Admitted.

16.     Admitted.

17.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Denied.

28. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. It is admitted that the Carnival Horizon was built in Italy and is part of the Vista class of ships.

30. It is admitted that the Carnival Vista, Carnival Panorama, and Carnival Horizon are part of the Vista class of ships.

31. It is admitted that Carnival personnel are stationed on-site in the shipyard during construction of the Vista class ships.

32.    Admitted.

33.    Denied.

34.    It is admitted that Carnival permits third party vendors to supply motorized scooters to passengers.

35.    Admitted.

36.    Denied as written.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

## COUNT I
## CLAIM FOR NEGLIGENCE

44.    Defendant reasserts its responses to Paragraphs 1 through 43 above as though fully set forth herein.

45.    It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

46.    It is admitted that the Carnival Horizon was a safe ship that did not pose any unreasonable risk of harm to the Plaintiff nor pose any unreasonable risks.

47.    It is admitted that the Carnival Horizon was a safe ship that did not pose any unreasonable risk of harm to the Plaintiff nor pose any unreasonable risks.

48.     Denied.

49.     Paragraph 49 is vague and thus Defendant cannot admit or deny the allegations as written.

50.     Denied.

51.     Denied, including all subparts.

52.     Denied.

53.     Denied.

54.     Denied.

## COUNT II
## CLAIM FOR NEGLIGENT FAILURE TO WARN

55.     Defendant reasserts its responses to Paragraphs 1 through 43 above as though fully set forth herein.

56.     It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

57.     It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

58.     It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Paragraph 63 is vague and thus Defendant cannot admit or deny the allegations as written.

64. Denied.

65. Denied, including all subparts.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT III
## CLAIM FOR NEGLIGENT TRAINING AND SUPERVISION OF PERSONNEL

70. Defendant reasserts its responses to Paragraphs 1 through 43 above as though fully set forth herein.

71. It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

72. It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

73. It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

74. Paragraph 74 is vague and thus Defendant cannot admit or deny the allegations as written.

75. Denied.

76. Denied, including all subparts.

77. Denied.

78. Denied.

79. Denied.

## COUNT IV
## CLAIM FOR NEGLIGENT MEDICAL CARE AND TREATMENT BY EMPLOYEES OR ACTUAL AGENTS

80.     Defendant reasserts its responses to Paragraphs 1 through 43 above as though fully set forth herein.

81.     It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

82.     It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

83.     Denied, including all subparts.

84.     Denied.

85.     Admitted.

86.     It is admitted that the medical center is owned by Carnival.

87.     It is admitted that Carnival had the right to fire Dr. Claudia and Nurses Rosales and Paz.

88.     Denied.

## COUNT V
## NEGLIGENCE FOR VICARIOUS LIABILITY BASED UPON APPARENT AGENCY

89.     Defendant reasserts its responses to Paragraphs 1 through 43 above as though fully set forth herein.

90.     It is admitted that Defendant owes a duty to exercise reasonable care under the circumstances.

91.     Denied.

92.     Denied, including all subparts.

93.     Denied.

94.     Denied.

95.     Denied, including all subparts.

96.     Denied.

97.     Denied, including all subparts.

98.     It is admitted that the ship physician is an officer of the ship and a member of the crew.

99.     Denied.

100.    Denied.

101.    Admitted.

102.    Admitted.

103.    Denied.

104.    Admitted.

105.    Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

\* Any allegations not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

In Answering further, Defendant would also affirmatively state as follows:

A.      This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract.

B.      Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians.  Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable medical care and appropriately counseled Plaintiff.

C.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

D.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

E.      Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

F.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

G.      This Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

H.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

I.      Plaintiff failed to seek timely medical treatment for her condition which caused and/or exacerbated her damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

J.      This action is barred in whole or in part by the applicable statute of limitations.

K.      As to any alleged medical expenses that were contractually reduced, Plaintiff should only be permitted to introduce evidence showing the actual costs of the medical bills and not the unreduced amount. Moreover, Plaintiff should only be permitted to introduce evidence of paid bills that are reasonable and customary.

L.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

M.      The subject physician(s) was/were operating as an independent contractor(s) at all times material hereto.  Pursuant to an agreement with Carnival corporation, the subject ship doctor(s) was/were A) paid as an independent contractor and not as an employee; B) no deductions were taken from his/her pay and he/she was not eligible for employee benefits; C) he/she agreed to practice according to the appropriate standard of care, within the scope of his/her medical expertise based upon his/her knowledge, training and experience as a licensed physician; and D)  he/she exercised medical judgment in the care and treatment of passengers and crew.  With respect to the care rendered to Plaintiff, the ship's nurses were at

all times acting under the control of the subject ship physician(s) and were thus his/her borrowed servants.

N.     Plaintiff's claim is time-barred by the applicable statute of limitations.

O.     Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

P.     The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

Q.     The Plaintiff's damages were caused in whole or in part by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise, as well as the operator of the motorized scooter involved in the subject incident.

R.     Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, including but not limited to, allegations asserting a basis under the Pennsylvania Rule.

S.     Defendant fully discharged its duties to Plaintiff by warning of any and all dangerous or hazardous conditions associated with motorized scooters aboard the vessel.

T.     Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by evidence.

Respectfully submitted,

GRAY ROBINSON, P.A.
515 North Flagler Drive, Suite 1425
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Michael J. Drahos*
     Michael J. Drahos
     Florida Bar No. 0617059
     *michael.drahos@gray-robinson.com*
     *lilia.parker@gray-robinson.com*

I HEREBY CERTIFY that on July 12, 2021, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Michael J. Drahos*
Michael J. Drahos

SERVICE LIST

CASE NO.: 1:20-cv-23463-MGC

Deborah J. Gander, Esq.
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (476)7400
Deborah@colson.com
Eservice@colson.com