UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-23463-CIV-COOKE/GOODMAN

MARIA PEREZ-SERA,

    Plaintiff,

v.

CARNIVAL CORP.,

    Defendant.

_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

On November 1, 2021, the Undersigned held a Zoom teleconference hearing on the parties' discovery dispute. [ECF Nos. 27-32]. At the hearing, the Undersigned discussed Defendant Carnival's failure to produce CCTV of the subject incident, its loss of the CCTV footage after a security officer viewed it and supposedly downloaded it, and its initial, cryptic response that there was no CCTV footage (without explaining that there *had* been footage, but it had been lost, destroyed, or rendered unretrievable).

Based on those discussions, the Undersigned **ordered** as follows:

**I.**    **Defendant's Incomplete Response to Discovery**

This is not the first time that I have encountered a similar situation where a ship security officer has reviewed CCTV video footage for an incident onboard a Carnival ship and then the video is no longer available or compatible for subsequent viewing.

Accordingly, I permit Plaintiff to take additional discovery on the circumstances under which the video at issue was initially preserved, when it became unavailable, how it became unavailable, and why Carnival gave an incomplete explanation when it said there was no video footage in its earlier discovery responses. In addition, Plaintiff may obtain discovery on Carnival's history of losing, destroying, or not preserving CCTV on its ships in the three years preceding the filing of this lawsuit.

Plaintiff may, after taking that discovery (if Plaintiff still wants to seek an adverse inference), seek that remedy (and perhaps others) in a separate sanctions/spoliations motion.

Under the applicable electronic discovery federal rule (i.e., Federal Rule of Civil Procedure 37(e)), the only way for a party to obtain an adverse inference at trial for spoliation of electronically stored information ("ESI") is to demonstrate, among other requirements, that the circumstances are tantamount to bad faith. Therefore, mere negligence would not support an adverse inference instruction. Consequently, I am giving Plaintiff the opportunity to take additional discovery on issues relating to Rule 37(e).

The parties shall try to schedule the Rule 30(b)(6) deposition and a list of appropriate Rule 30(b)(6) topics without judicial intervention.

## II.   Discovery Deadlines

As discussed at the hearing, the current discovery cutoff is November 4, 2021. I do

not have authority to extend a discovery deadline by two or three weeks (or longer), so that Plaintiff can obtain the deposition testimony and other discovery she would need to pursue Rule 37(e) sanctions. Plaintiff will need to file a motion before Judge Cooke and succinctly explain the background of the discovery issue and the fact that I have given Plaintiff authority to take the additional discovery (if permitted).

      **DONE AND ORDERED** in Chambers, in Miami, Florida, on November 2, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record