UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 1:20-cv-23463-XXXX
Magistrate Judge: Jonathan Goodman

| | |
|---|---|
| MARIA PEREZ-SERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARNIVAL CORPORATION, a Panamian | ) |
| Corporation, the owner and operator of the | ) |
| Trademark CARNIVAL CRUISE LINE, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTIONS *IN LIMINE*

Plaintiff Maria Perez-Sera pursuant to this Court's amended scheduling order [ECF No. 21], files the following Motions *in Limine* to exclude certain evidence pursuant to Rule 401, Rule 403, and Rule 404 of the Federal Rules of Evidence.

### FACTUAL BACKGROUND

This case is a maritime action for significant personal injuries Plaintiff Maria Perez-Sera suffered while a passenger on the Carnival *Horizon* when she was struck from behind by a passenger operating a motorized scooter. Neither Ms. Perez-Sera nor her companions saw the scooter before it struck her. The scooter operator, Eileen Smith, has since passed away. There are no living eyewitnesses to the event. The event was captured on video surveillance, viewed shortly thereafter by Defendant Carnival's security personnel, and saved into the investigation file by that security personnel, but has not been produced to date and Defendant maintains it no longer exists.

1

**Plaintiff's Claims and Carnival's Affirmative Defense**

Plaintiff has asserted five causes of action based on her severe injuries. Count 1 is a claim for negligent failure to exercise reasonable care for the safety of its passengers. Count 2 is based on failure to warn. Count 3 is based on negligent training and supervision of personnel. Count 4 is based on negligent medical care and treatment by employees or actual agents. Count 5 is one for negligence for vicarious liability based upon apparent agency. Carnival has asserted numerous affirmative defenses.

## LEGAL STANDARD

Rule 401 provides that, to be relevant, evidence must have a tendency to make a "fact [that] is of consequence in determining the action" more or less probable than it would be without the evidence.

Rule 402 provides that "[i]rrelevant evidence is not admissible."

Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues." A Rule 403 determination is committed to the district court's discretion. *See, e.g., United States v. Dixon*, 901 F.3d 1322, 1345 (11th Cir. 2018).

Rule 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." And, Rule 404(b)(1) provides that "[e]vidence of any other . . . wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." A two-part test governs the admissibility of Rule 404(b) evidence. *See Lanham v. Whitfield,* 805 F.2d 970, 972 (11th Cir. 1986). It first must be determined whether evidence of other acts "is relevant to an issue other than the [party's]

character." *Id.*. If so, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Rule 403]." *Id.*

"District courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sol., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)(internal citations omitted. "[A]dherence to deadlines is an essential part of lawyering." *United States v. Marder*, 318 F.R.D. 186, 189 (S.D. Fla. July 7, 2016). "Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense." *Warren v. Delvista Towers Condo. Ass'n, Inc.,* 2014 WL 3764126, at *1 (S.D. Fla. July 30, 2014).

## MOTION *IN LIMINE* #1

### To Prevent Reference or Suggestion that Damages Awards May Drive up the Price of Products or Services

Any reference to or suggestion that a damages award for Plaintiff may drive up the price of products of services, including cruise line tickets, put corporations out of business or cost jobs to be lost, is irrelevant and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time. *See* Rule 402 and Rule 403.

## MOTION *IN LIMINE* #2

### To Prevent Evidence or Argument Regarding what Plaintiff might do with any award of Damages Plaintiff Might Receive

Any evidence regarding or suggesting what Plaintiff might do with any award of damages she might receive is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time. *See* Rule 401 and Rule 403.

**MOTION *IN LIMINE* #3**

**To Prevent Evidence or Argument Regarding the Time or Circumstance under which the Plaintiff Employed Any Attorneys**

Any evidence regarding the time or circumstance under which Plaintiff employed any attorneys is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time, particularly considering that the passenger ticket requires notice within 180 days and the filing of a lawsuit within 365 days.  *See* Rule 402 and Rule 403; *see also Watson v. Builders Square, Inc.*, 563 So. 2d 721 (Fla. 4th DCA 1990) (evidence that Plaintiff saw a lawyer three days after the accident was inadmissible).

**MOTION *IN LIMINE* #4**

**To Prevent Improper Closing Argument**

Counsel should not attempt to evoke images of "runaway verdicts," assert that a claim or defense is "frivolous," characterize plaintiff's case as "cashing in on a lottery ticket" or argue that the judicial system is "out of control."  *Murphy v. International Robotic Systems, Inc.*, 766 So.2d 1010 (Fla. 2000).

**MOTION *IN LIMINE* #5**

**To Take Additional, Limited Discovery Regarding the Missing Video Surveillance**

Plaintiff adopts and incorporates by reference her previously filed motions requesting permission to take additional, limited discovery after the November 3, 2021 discovery cut-off to establish whether Defendant Carnival acted in bad faith in handling crucial evidence. [ECF 34, 35].

Plaintiff requested that Defendant preserve any video surveillance of the incident, and that Defendant produce any video surveillance of the actual collision.  On February 3, 2021, Defendant formally advised Plaintiff "None as to surveillance videos."

4

To Plaintiff's surprise, on October 26, 2021, Defendant's Security Officer, Arvind Lagas, testified he had viewed the collision captured on video surveillance the day after the incident, used the video to identify the scooter operator (whom he then spoke to), and that he had personally preserved the video of the actual collision as a video attachment to the investigation report created in this matter. Defendant had asserted a work-product privilege over the incident report as being created in anticipation of litigation, but did not list the video attachment in the privilege log it filed. After several conversations between undersigned and Defense counsel regarding the video clip Mr. Lagas had testified about, Carnival advised it had lost the video due to a computer glitch aboard the Carnival *Horizon*. On Monday, November 1, 2021, Mr. Lagas's direct supervisor onboard the *Horizon*, Officer Pai, testified that in the five years he had been Chief Security Officer aboard numerous Carnival vessels, including the *Horizon*, it had been Carnival's standard operating practice to save videos that were part of investigative files onto external hard drives that were maintained in the office of the Chief Security Officer.

Plaintiff moved to compel the videotaped surveillance before the Honorable Magistrate Judge John Goodman, which was heard over Zoom on November 1, 2021. Magistrate Judge Goodman issued an oral ruling consistent with the written order he issued on November 2, 2021. [ECF 33.] Specifically, Magistrate Goodman ordered that Plaintiff may conduct a 30(b)6 Witness Deposition to learn the precise nature of how the video was preserved and why, how and when it became unavailable, and why Defendant Carnival gave an incomplete explanation that it had "no surveillance video," any of which may provide a basis for Plaintiff to file a motion for sanctions for spoliation and request an adverse inference if the testimony meets the evidentiary threshold for spoliation of electronically stored information. He advised the parties to work out the specific areas of designation, and the deposition date, between themselves.

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

Because this Court has ordered a discovery deadline of November 3, 2021 [ECF 21], however, Magistrate Judge Goodman advised Plaintiff's counsel she would have to separately seek relief from this Court for permission to take additional, limited discovery consistent with the ruling above beyond the November 3, 2021 discovery cut-off. Plaintiff did so on November 2, 2021 and on November 29, 2021, and although Defendant has not filed any response to either motion, the Court has not yet ruled on either motion. As a result, to date, Plaintiff has not been able to investigate or establish the bad faith nature of Defendant's failure to preserve the video surveillance that captured the incident that is sued upon.

Plaintiff respectfully renews her requests for permission to depose a 30(b)6 witness on the matters addressed above, and for an order compelling Defendant Carnival to produce its 30(b)6 witness within regular business hours fully prepared to respond to all areas of inquiry.

## CONCLUSION

For the reasons set forth above, Plaintiff requests that Defendant be precluded from raising any of the matters in Motions in Limine 1-5.

                                        Respectfully submitted,

                                        COLSON HICKS EIDSON, P.A.
                                        255 Alhambra Circle, Penthouse
                                        Coral Gables, FL 33134
                                        Tel: (305) 476-7400

                            By:     Deborah J. Gander
                                        Deborah J. Gander
                                        Fla. Bar No. 34363
                                        deborah@colson.com
                                        *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of said motion was e-filed with the Clerk of Court through the CM/ECF on this 29th day of December 2021 and is to be e-served by the CM/ECF system to: Michael J. Drahos, Esq., W. Cooper Jarnagin, Esq., GRAY ROBINSON, P.A., 515 North Flagler Drive, Suite 1425, West Palm Beach, Florida 33401, T: (561) 268-5727, F: (561) 268-5745, michael.drahos@gray-robinson.com; lilia.parker@gray-robinson.coml  Cooper.Jarnagin@Gray-Robinson.com.

        COLSON HICKS EIDSON
        Attorneys for Plaintiff
        255 Alhambra Circle, PH
        Coral Gables, Florida 33134
        (305) 476-7400

        By   *Deborah J. Gander*
            Deborah J. Gander
            Florida Bar No. 34363
            Deborah@colson.com
            Eservice@colson.com
            Lina@colson.com

7

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444