UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

      Plaintiff,

v.

CARNIVAL CORPORATION, a Panamian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

      Defendant.

_____/

**DEFENDANT CARNIVAL CORPORATION'S STATEMENT OF MATERIAL
FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION ("Defendant" or "Carnival"), by and through its undersigned counsel, and pursuant to Local Rule 56.1, hereby files this Statement of Materials Facts in Support of its Motion for Summary Judgment.

**STATEMENT OF MATERIAL FACTS**

1.      Plaintiff Maria Perez-Sera ("Plaintiff") was a fare-paying passenger who boarded the Carnival *Horizon* on August 24, 2019 for a nine-day cruise. *See* ECF No. 22 (Carnival's Answer and Affirmative Defenses) at ¶ 15.

2.      On the evening of August 24, 2019, Plaintiff exited a liquor store located on deck 4 of the *Horizon* and was struck by a motorized scooter. **Exhibit 1** (Deposition Transcript of Plaintiff, Vol. I) at 60:13-61:2; 64:2-65:11.

3.      Prior to the incident, Plaintiff observed another guest operating a motorized scooter onboard the ship. **Ex. 1** at 55:20-57:5.

4. Passenger Eileen Smith operated the subject motorized scooter that struck Plaintiff. *See* **Exhibit 2** (Defendant's Answers to Plaintiff's First Set of Interrogatories) at No. 11; **Exhibit 3** (Deposition Transcript of Security Officer Arvind Lagas) at 46:10-22;  **Exhibit 4** (Defendant's Supplemental Response to Plaintiff First Request for Production No. 29).

5. Passengers who intend to use mobility scooters onboard Carnival ships receive Mobility Device Information and are requested to complete a Mobility Questionnaire prior to boarding. Additionally, information for mobility devices is also published online via Carnival's website. *See* **Ex. 2** at No. 6.

6. Passenger Eileen Smith completed a Mobility Questionnaire indicating that she was bringing her own motorized scooter onboard that she used "[a]t all times." *See* **Exhibit 5** (Eileen Smith's Mobility Questionnaire).

7. Plaintiff declined to take any legal action against Passenger Eileen Smith. **Ex. 1** at 76:12-79:10.

8. Following the incident, Plaintiff received medical treatment in the medical facility onboard the *Horizon* on August 24, 2019. *See* **Exhibit 6** (Plaintiff's Onboard Medical Chart).

9. Plaintiff underwent x-rays of her right knee in the medical facility onboard the *Horizon* on August 24, 2019. *Id*.

10. Plaintiff was provided a wheelchair for use during the voyage. **Ex. 1** at 90:25-91:2.

11. Ship physician Dr. Chagin transmitted the x-rays of Plaintiff's right knee to a shoreside radiologist for review. **Exhibit 7** (Deposition Transcript of Dr. Chagin) at ¶ 68:7-9.

12.     The radiologist x-ray report indicated a "[d]eformity of the right lateral tibial plateau which may represent acute fracture." *See* **Exhibit 8** (X-Ray Report).

13.     On August 26, 2019, ship physician Dr. Chagin informed Plaintiff that she had a deformity of the right lateral tibial plateau which may represent an acute fracture and advised her to seek an orthopedic referral as soon as possible. **Ex. 6** at pgs. 3 and 8 of 9; **Ex. 7** at 68:10-69:2.

14.     Plaintiff disembarked the Carnival *Horizon* as scheduled on August 31, 2019. **Exhibit 9** (Deposition Transcript of Plaintiff, Vol. II) at 119:9-120:2.

15.     Plaintiff underwent surgery to treat a right tibial plateau fracture on September 3, 2019. **Ex. 9** at 127:18-22.

16.     Defendant's orthopedic expert Dr. Sophia Deben opines that there is not conclusive evidence to suggest that any action or inaction of the ship's medical staff complicated the Plaintiff's medical course or compromised her overall prognosis. *See* **Exhibit 10** (Dr. Deben's Report) at pg. 5.

17.     Defendant's cruise ship medicine expert Dr. John Bradberry opines that the ship's physician's continued monitoring, treatment and referral of Plaintiff to a shoreside hospital met the standard of care for cruise ship medicine. *See* **Exhibit 11** (Declaration of Dr. Bradberry) at pg. 3.

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ W. Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059

W. Cooper Jarnagin
Florida Bar No. 117767
michael.drahos@gray-robinson.com
cooper.jarnagin@gray-robinson.com
lilia.parker@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2021, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ W. Cooper Jarnagin*
W. Cooper Jarnagin

SERVICE LIST

CASE NO.: 1:20-cv-23463-MGC

Deborah J. Gander, Esq.
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (476)7400
Deborah@colson.com
Eservice@colson.com