UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

      Plaintiff,

v.

CARNIVAL CORPORATION, a Panamanian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

      Defendant.

_____/

## DEFENDANT, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINES' NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE (hereinafter "Defendant"), by and through its undersigned counsel, hereby files its Notice of Service of Answers to First Set of Interrogatories.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on this 3rd day of February, 2021 to: Deborah J. Gander, Esq., COLSON HICKS EIDSON, Deborah@colson.com and Eservice@colson.com

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: /s/ Michael J. Drahos
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    lilia.parker@gray-robinson.com

## DEFENDANT CARNIVAL CORPORATION'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.      State separately the names, addresses, employers and telephone numbers of any and all persons known to you or to anyone acting on your behalf who saw, heard or investigated or claims to have seen or heard any of the events or happenings that occurred immediately before, at the time of, or immediately after the incident(s)/accident(s) being sued on.

**Jagdish Pai**
**Chief Security Officer**
**c/o Carnival Corporation**

**Arvind Lagas**
**Security Officer**
**c/o Carnival Corporation**

**Maria Perez (Plaintiff)**
**12844 SW 53 rd Street**
**Miami, Florida 33175**

**Eileen Smith (scooter driver)**
**1409 SW 19th Lane**
**Cape Coral, Florida 33991**

**Lucy Garcia (eyewitness)**
**13201 SW 49th Street**
**Miami, Florida 33175**

**Elizabeth Perez  (eyewitness)**
**12844 SW 53rd Street**
**Miami, Florida 33175**

**Jorge Perez (eyewitness)**
**Address unknown**

**Dr. Claudia Gonzalez Chagin (ship doctor)**
**c/o Carnival Corporation**

**Nurse Xavier Rosales (ship nurse)**
**c/o Carnival Corporation**

**Nurse Michelle Paz (ship nurse)**
**c/o Carnival Corporation**

**Dr. Nelson Uzquiano**
**c/o Community Radiology Associates, P.A.**

**Defendant objects to providing telephone numbers of any of the foregoing witnesses as an unwarranted invasion of privacy. Additionally, any and all members of the crew/medical staff may be contacted through undersigned counsel.**

2.      As to all persons whose names are set forth in the answer to the preceding interrogatory and the Plaintiff, have you, your agents, investigators, attorneys, or anyone else acting on your behalf obtained statements of any kind, whether written, recorded, stenographically transcribed, oral or otherwise, from them ? If so, please describe each statement and include the name, job title, employer, telephone number, and present address of each person; the type of statement which was taken (whether written, recorded, transcribed); the name of the present custodian of each statement so taken; and the date on which the statement was taken.

**A "statement" has not specifically been obtained from the medical staff aboard the vessel. However, please see Carnival medical chart for entries provided by the medical staff pertaining to care and treatment rendered to Plaintiff.**

**A one page Passenger Injury Statement was completed by Maria Perez on August 25, 2019.**

**Privilege log: A nine (9) page investigative SeaEvent Accident Report created by Arbind Lagas on August 25, 2019 on behalf of Carnival Corporation in anticipation of litigation. Defendant objects to providing a copy of said SeaEvent Accident Report as work product privilege. Included within the nine (9) page SeaEvent Accident Report prepared by Mr. Lagas is also:**

**A)      A one page hand written statement was obtained from Elizabeth Perez on August 25, 2019 as a part of the investigative SeaEvent Accident Report created by Arbind Lagas on behalf of Carnival Corporation in anticipation of litigation;**

**B)      A summary of an oral statement obtained from Eileen Smith on August 25, 2019 as part of the investigative SeaEvent Accident Report created by Arbind Lagas on behalf of Carnival Corporation in anticipation of litigation;**

**C)      Two photographs taken of the subject area and four photographs of the subject scooter taken by Arbind Lagas on behalf of Carnival Corporation in anticipation of litigation.**

3.      Do you, your attorneys, investigators or anyone acting on your behalf have any maps, charts, diagrams, photographs, videos or movies of the incident(s)/accident(s) or the physical or mechanical objects involved in the incident(s)/accident(s) or the persons involved in the incident. If so, describe each and include in your description, the date made, the name, job title, employer and present address of the person(s)who made each map, chart or diagram, or took each photograph, video or movie and the general subject matter each deals with.

**A diagram of the location on deck where the incident occurred is depicted on page 2 of 9 of the SeaEvent Accident Report created by Arbind Lagas on behalf of Carnival Corporation in anticipation of litigation. Defendant objects to providing a copy of said diagram as work product privilege. See Privilege Log provided in Response to Interrogatory No. 2.**

**Six photographs were taken by Arbind Lagas on August 25, 2019 in support of the SeaEvent Accident Report completed on behalf of Carnival Corporation in anticipation of litigation. Two**

photographs depict the subject area.  **Four photographs depict the subject scooter.  Defendant objects to providing a copy of said photographs as work product privilege.  See Privilege Log provided in Response to Interrogatory No. 2.**

4.      Identify every other person from whom you or your attorneys have received or obtained an expert opinion relating to the issues in this case,(as contemplated by Federal Rule of Civil Procedure 26(a)(2), providing his/her name, address and telephone number, and state whether the opinion was oral, written, recorded or a combination of these; the date the opinion was obtained, and the name and address of the person to whom it was given.

**None at this time.  Defendant will timely disclose any and all expert opinions in accordance with the pre-trial deadlines set forth in the Court's Scheduling Order.**

5.      On the date of the incident(s)/accident(s), was there in effect any policy of insurance or indemnity by or through which you were or may be insured, indemnified, or covered in any manner, or to any extent for any claim in this action? If so, state separately for each: the name and address of the issuing company; the name, type and identifying number of each policy; the name and address of each insured; the limits of liability of each policy, the amount of the deductible or self-insured portion of each policy and the name, address and employer of the present custodian of each policy.

**There is no insurance policy, per se.  Defendant maintains protection and indemnity coverage through Steamship Mutual Underwriting Association Limited, whose rules of entry can be found in Benedicts on Admiralty, 8th Edition.**

6.      State all policies and procedures, including but not limited to training or screening given to Carnival passengers before they are permitted to operate motorized vehicles onboard a Carnival ship that is occupied by other passengers and crewmembers.

**Guests receive Mobility Device Information and are requested to complete a Mobility Questionnaire prior to boarding.  Additionally, information for mobility devices is also published online via Carnival's website.**

7.      State all policies and procedures, including but not limited to instructions and rules in effect at the time of the subject incident given to Carnival passengers before they are permitted to operate motorized vehicles onboard a Carnival ship that is occupied by other passengers and crewmembers.

**See Response to Request for Production No. 6.**

8.      Identify each and every report or statement made by you to the United States Coast Guard and/or country of the vessel's flag, and/or any other report made by you regarding the facts of the incident(s)/accident(s) being sued on or events leading up to it. As to each include: its date; the type of report, or statement, whether written, oral, recorded, or otherwise reported; to whom it was made, and the name, address and employer of the custodian of any permanent form of each statement.

**None.**

9.      Please state the names and addresses or information sufficient (address and phone number) for the location of all persons known or reasonably believed by you to have been eyewitnesses to the incident(s)/accident(s) or to have personal knowledge of any facts relevant to the incident(s)/accident(s) being sued on, including but limited to the Carnival personnel who saw the collision and took Ms. Perez-

Sera to the ship's clinic, and any passengers who were with the passenger operating the scooter that collided into Ms. Perez-Sera.

**See response to Interrogatory No. 1.**

10.     Please state whether you or anyone else to your knowledge claims to have heard the Plaintiff or anyone else having or purporting to have personal knowledge of the facts being sued on has given any oral statement (excluding depositions, if any, in this cause) concerning any facts pertaining to the happening of the incident(s)/accident(s) being sued on or the extent of Plaintiffs damages. If so, state, by whom was such oral statement made; when it was made; to whom was it made; and what was said.

**Please see response to Interrogatory No. 2.**

11.     Please state the name and contact information of the passenger who was operating the motorized scooter onboard Carnival *Horizon* with the permission of Carnival Cruise Line when the scooter collided with Ms. Perez-Sera.

**Eileen Smith**
**1409 SW 19th Lane**
**Cape Coral, FL 33991**

12.     State the full name and present address of each owner and operator of the vessel, with respect to the incident(s)/accident(s) alleged in the complaint.

**Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, Florida 33178**

13.     If you assert any defense based on the conduct of the plaintiff, in compliance with *Zito v. Washington Federal Savings & Loan Association of Miami Beach,* 318 So.2d 175, please state: what acts or omissions are the basis thereof; the name, address, place of employment, job title or capacity, and present whereabouts of each person having knowledge or claiming to have knowledge of such conduct on the part of the plaintiff; and what acts known by Defendant are the basis for mitigation of Plaintiffs damages.

**Objection; Interrogatory No. 13 is a premature and improper contention interrogatory. Discovery has only recently commenced and Defendant has not had an opportunity to conduct any formal discovery, let alone depose the Plaintiff.  Defendant will modify and/or supplement its response to Interrogatory No. 13 as discovery continues and more information becomes available.**

14.     For each one of the doctors who examined Plaintiff while she was aboard the Carnival *Horizon* at the time of the incident being sued on, please state the name, address, and employer of each doctor at the time they examined and/or treated Plaintiff and how long they were so employed; name and address of their current employer, or the last known address of the doctor and the educational background of doctor; including degrees received and on what dates, the full name and address of the institution awarding the degree, the specialty, if any for which the degree was issued, the professional licenses held at the time they saw or examined Plaintiff, and the membership in honorary societies or professional associations held by the doctor.

**Dr. Claudia Gonzalez Chagrin was employed by Carnival Corporation as an independent contractor during the subject time period. Defendant objects to providing Dr. Chagrin's address as an unnecessary invasion of privacy. Any and all communication directed to Dr. Chagrin may be forwarded to undersigned defense counsel, including any deposition requests. In the meantime, a copy of Dr. Chagrin's personnel file contains information concerning her educational background, training and experience.**

15. Please state whether or not an accident or incident report was prepared on board the vessel and whether or not any governmental reports were prepared pertaining to Plaintiffs accident(s), incident(s) or injury(ies) and if so please, state the date each report was prepared, and the name, present address, employer and job title of the person responsible for its preparation; as well as the name, job title, employer, and present address of each person from whom an on board statement was taken along with the date of same. Also state the name and address of each person having received a copy of any of these reports and/or who presently has a copy in their possession.

**See Response to Interrogatory No. 2 concerning Carnival's SeaEvent Accident Report. No governmental reports were created.**

16. Please state whether or not photographs were taken of the scene of the scooter collision with Plaintiff and, if so, please state for each photo: the date the photo was taken, the name, job title, employer, and present address of the photographer, and the name and address of each person presently having a copy of each photo.

**See Response to Interrogatory No. 3.**

17. Please identify the name, title, home address, work address, telephone number, and email address for the crewmember who presented the documents referenced in Request for Production #17 to Ms. Perez-Sera for signature.

**Upon current information and belief, Arind Lagas, c/o Carnival Corporation. Defendant objects to providing Mr. Lagas' home address, telephone number and email as an unwarranted invasion of privacy. Any and all communications directed to Mr. Lagas may be forwarded to the undersigned defense counsel for handling, including any deposition requests.**

18. Please state whether any other passengers or crewmembers aboard Carnival vessels have been struck by scooters being operated onboard the vessel(s) during the last 5 years. If so, please identify the vessel, the date of incident, the location (on the ship) of the incident, whether an incident report was created, and whether a lawsuit resulted.

**Objection; Interrogatory No. 18 is overbroad in scope and unduly burdensome to the extent it seeks information pertaining to incidents aboard Defendant's vessels, fleet wide over a five year time period, which is excessive. The inquiry clearly is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information involving different**

vessels and different circumstances than the one that is at issue in this case. Thus, Interrogatory No. 18 is not reasonably tailored to the material issues in this case in violation of Rule 26 of the Federal Rules of Civil Procedure and instead amounts to an improper fishing expedition.

## ACKNOWLEDGEMENT AND VERIFICATION OF
## ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Pursuant to 28 U.S.C. S 1746(2), I declare under penalty of perjury that while I do not have personal knowledge of all the facts recited in the foregoing Answers to Plaintiff's Initial Interrogatories, the information contained therein has been collected and made available to me by others, and said Answers are true and correct to the best of my information, knowledge and belief based upon the information made available to me and therefore the foregoing Answers are verified on behalf of Carnival Corporation.

**Dated:** February 2nd, 2021

By:_____

**Monica Borcegue**
Litigation Representative, Legal Services
On Behalf of Carnival Corporation