**DECLARATION OF JOHN BRADBERRY, M.D.**

MARIA PEREZ-SERA  (Plaintiff)

v.

CARNIVAL CORPORATION  (Defendant)

Case No. 1:20-cv-23463-MGC

I, John Bradberry, MD, do hereby declare as follows:

## I.  Background and Qualifications

1. I am a physician with active and unrestricted medical licenses issued by the states of Florida and Georgia.  I am triple board certified in the specialties of emergency medicine, family medicine and administrative medicine.  I have extensive clinical and management experience in cruise ship medicine including the medical care and treatment of cruise ship passengers and crew members.  Attached is a true and correct copy of my curriculum vitae that sets forth my credentials including my work as a physician on board cruise ships and as a medical director based at the corporate office of a major cruise lines.

2. I maintain active memberships in the follow professional organizations: American College of Emergency Physicians (ACEP) including ACEP's cruise ship medicine section, American Academy of Family Physicians (AAFP) and American Association of Physician Specialties (AAPS).

3. My professional experience includes the following:

   (a)  Eleven years hospital based emergency trauma care;

   (b)  Eight years shipboard medicine for Carnival Cruise Lines initially as a ship physician followed by promotion to senior ship physician followed by promotion to senior fleet physician which is the top ranking physician in the fleet;

   (c)  Seven years as medical director for Carnival Cruise Lines based at Carnival's corporate office in Miami, Florida.  Components of my duties as medical director included to generally ensure compliance with the guidelines recommendations issued by the cruise ship medicine section of

Page 2
Declaration
John Bradberry, MD

ACEP. Specific duties included to conduct and/or oversee the recruiting, credentialing, hiring and firing of shipboard physicians and nurses; to ensure placement of appropriate supplies and equipment in the onboard medical centers and to provide logistical support to onboard physicians and nurses.

(d)  Six years of service as a medical officer in the U.S. Navy Reserves achieving the rank of Commander.

4. As evident from my years of work and experience with Carnival Cruise Lines, I have specialized knowledge regarding hiring and credentialing of shipboard physicians and nurses, appropriate supplies and equipment for shipboard medical centers, standard of care for cruise ship medicine and clinical and logistical decision making for emergency at sea medical evacuations and medical disembarks in ports of call.

## II  Documents Reviewed

First Amended Complaint

Carnival Passenger Ticket Contract

Medical records from Carnival Horizon

Deposition transcript of Plaintiff June 24, 2021

Deposition transcript of Plaintiff September 8, 2021

Deposition transcript of Dr. Claudia Patricia Gonzalez Chagrin October 30, 2021

Medical Records from Doctors Hospital

Plaintiff's Answers to Interrogatories

## III  Opinions

1. As clearly explained in the Carnival Corporation cruise contract terms that were accepted by the Plaintiff, recognized maritime limitations exist for access to medical care during

Page 3
Declaration
John Bradberry, MD

cruises. Although Carnival Corporation meets or exceeds the Health Care Guidelines for Cruise Ship Medical Facilities as issued by the American College of Emergency Physicians (ACEP), accepted limitations exist such as access to advanced diagnostic imaging needed for definitive diagnosis and treatment of orthopedic injuries.

2. When the Plaintiff presented to the ship's medical center on August 24, 2019 she was properly triaged by the on duty ship's nurse. The ship's physician conducted an appropriate history and physical exam and ordered appropriate diagnostic tests that met the standard of care for cruise ship medicine. The ship's physician's subsequent referral of the Plaintiff's x-ray images to a shoreside specialist was appropriate and exceeded industry standards.

3. The ship's physician's continued monitoring, treatment and referral of the Plaintiff to a shoreside hospital for follow up imaging at the conclusion of the cruise was correct, was in the best medical interest of the Plaintiff and met the standard of care.

4. In summary, the medical care the Plaintiff received on board the Carnival Horizon, met the standard of care for cruise ship medicine.

5. There is no evidence in the records provided that any action or inaction by the Defendant ship's physician and/or cruise line caused harm to the Plaintiff.

6. I reserve the right to modify and/or supplement my opinions as discovery continues and more information becomes available and/or in response to direct or cross examination.

7. All opinions herein rendered are within a reasonable degree of medical probability.

John Bradberry MD