UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

     Plaintiff,

v.

CARNIVAL CORPORATION, a Panamian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

     Defendant.

_____/

## DEFENDANT CARNIVAL CORPORATION'S
## MOTION FOR SUMMARY JUDGMENT

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for summary judgment on all claims made in Plaintiff's Amended Complaint [ECF No. 9], and states as follows:

## I.    INTRODUCTION

Plaintiff filed this action for damages against Defendant after suffering injuries due to another passenger striking her with a motorized scooter onboard the Carnival *Horizon*. She alleges Defendant created an unsafe environment onboard by allowing pedestrians and motorized scooter operators to commingle, and that Defendant should have followed several policies and procedures that could have prevented her incident. Additionally, she alleges the medical treatment she received onboard may have exacerbated her right knee tibial plateau fracture that was caused by the scooter incident.

Defendant is entitled to summary judgment on all claims made in Plaintiff's Amended Complaint because (1) Plaintiff has not presented evidence establishing Defendant owed her a duty related to her incident or that a breach caused her injury; (2) her claims are unrecognized by federal maritime law; (3) there is no evidence to support her negligent training or negligent supervision theories; and (4) Plaintiff has failed to present the necessary evidence to sustain her medical negligence claims.

**II.      ARGUMENT**

a.       Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue

of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

b.        General Maritime Law Applies

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322.

To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in

making a sufficient showing on each element for the purposes of defeating summary judgment.")).

c.    Summary Judgment on Counts I and II Should Be Granted Because Plaintiff Has Failed to Establish Carnival Owed Her a Duty Related to Her Incident, or that a Breach of a Duty Caused Her Incident.

Plaintiff was injured onboard the *Horizon* after another passenger made contact with her while operating a scooter. In Count I, Plaintiff alleges Defendant (a) knew or should have known of the need to provide safe, designated walkways for pedestrians separate from operators of scooters; (b) is guilty of negligent design and maintenance or engaged in policy making decisions that allowed a dangerous condition to exist; and (c) was under a legal duty to comply with mandatory international vessel safety standards and industry standards. *See* ECF No. 9 (Amended Complaint) at ¶¶ 47 – 50. She further alleges Defendant breached these duties by failing to design a space separating pedestrians from motorized scooters (*Id.* at ¶ 50, (b) – (e)); failing to instruct passengers or crew on the use of motorized scooters (*Id.* at ¶ 50, (f) – (i)); failing to create and enforce appropriate protocols and procedures (*Id.* at ¶ 50, (j) – (m)); and failing to inspect and ensure all motorized scooters onboard were equipped with audible warning sounds (*Id.* at ¶ 50, (n) – (p)).

A passenger cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). The notice requirement applies in cases where a plaintiff seeks to hold the shipowner liable for negligence related to the actions of other passengers. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021) (citing *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1046 (11th Cir. 2019)). In the absence of evidence of actual notice, a passenger plaintiff can establish that a shipowner had constructive notice by (1) putting forward evidence that a defective condition existed for a sufficient period of time to

invite corrective measures; or (2) by submitting evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident. *Sutton v. Royal Caribbean Cruises, Ltd.*, 774 F. App'x 508, 511 (11th Cir. 2019) (citing *Guevara v. NCL (Bahamas), Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)).

At the summary judgment stage, Plaintiff has not come forward with any evidence that Defendant had actual or constructive notice of a risk related to her incident. First, there is no evidence that Defendant had knowledge that passenger Eileen Smith posed a risk operating a motorized scooter. Second, there is no evidence of prior substantially similar incidents that were caused by conditions substantially similar to Plaintiff's own incident. This lack of evidence regarding Defendant's notice of a risk-creating condition means Plaintiff cannot prove Defendant owed her a duty related to her incident. *Keefe*, 867 F.2d at 1322. Defendant is entitled to summary judgment on Counts I and II on this basis alone.

In addition to Plaintiff's lack of evidence regarding the notice requirement, the use of motorized scooters among pedestrians is an open and obvious risk of which Defendant had no legal duty to warn. Count II of the Amended Complaint accuses Defendant of failing to warn her that she might come in contact with motorized scooters in a pedestrian walkway onboard the ship. But, "[a] cruise line does not 'need to warn passengers or make special arrangements for open-and-obvious risks.'" *Horne v. Carnival Corp.*, 741 F. App'x 607, 609 (11th Cir. 2018) (quoting *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 357 (5th Cir. 2016)). In determining whether a risk is open and obvious, "[t]he Court focuses on what an objectively reasonable person would observe and does not take into account the plaintiff's subjective perceptions." *Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 908 (11th Cir. 2017). Plaintiff herself testified she observed passengers using motorized scooters onboard the ship prior to her

incident. SOF at ¶ 2[1]. The risk of contact with motorized scooters in public areas is one that individuals encounter in everyday life, and a risk for which Defendant should not be held legally liable to warn of.

Further, Plaintiff's Amended Complaint attempts to hold Defendant responsible for her incident under an inapplicable negligent mode of operation theory. Plaintiff alleges Defendant's policies regarding the use of onboard motorized scooters were negligent. However, such a claim is not recognized under federal maritime law. The Eleventh Circuit in *Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) discussed:

> A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business. In a Florida negligent mode of operation case, the plaintiff alleges that the company's policies are negligent. The court focuses on the company's general policies and operations, not on the specific incident in which the plaintiff was injured.
>
> No court has ever held that this claim exists in federal admiralty law. All of Plaintiff's citations are to Florida law cases. A basic attribute of a negligent mode of operation claim is at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition. Yet, a key feature of a Florida mode of operation claim is that the company need not have notice.

(citations omitted). The *Malley* court ultimately held that the plaintiff could not circumvent maritime law's notice requirement by alleging the shipowner's policies were negligent. *Id.* Courts in this district have followed suit in finding that federal maritime law does not recognize a claim based on a failure to implement risk management procedures. *See Diaz v. Carnival Corp.*, No. 20-cv-22755-Civ-TORRES, 2021 WL 3934138, at * 8 (S.D. Fla. Aug. 20, 2021) (granting summary judgment on shipowner's alleged failure to have certain policies and procedures in place in scooter case, noting "the fundamental flaw with Plaintiff's final two theories of liability

---

[1] "SOF" refers to Defendant's Statement of Material Facts in Support of Summary Judgment, being filed contemporaneously hereto.

lies in the lack of any showing that the alleged breach of failing to have risk management procedures and safety standards is a recognized duty under federal maritime law"); *Quashen v. Carnival Corp.*, No. 1:20-cv-22299-KMM, 2021 WL 5978472, at *24 (S.D. Fla. Dec. 17, 2021) (citing *Malley* and finding federal maritime law does not recognize a claim based on failure to implement risk management procedures).

Additionally, at the summary judgment stage, Plaintiff has not come forward with any evidence that Defendant did not comply with mandatory international vessel safety standards and industry standards. Plaintiff has failed to disclose a liability expert to provide opinions substantiating her allegations (1) that the ship was negligently designed and maintained by not segregating pedestrian passengers from motorized scooters onboard ships; (2) that Defendant should have trained and instructed passengers and crew on the use of motorized scooters; or (3) that motorized scooters should come equipped with audible warnings that need to be inspected by Defendant. These are allegations beyond the understanding of the average jury for which expert testimony should be required. *McCasland v. Pro Guard Coatings, Inc.*, 799 F. App'x 731, 733 (11th Cir. 2020) ("[I]n cases where a jury is asked to assess complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required.").

Without evidence establishing Defendant owed her a duty, it follows that Plaintiff cannot prove a breach of a duty caused her incident. Causation is another required element in a maritime negligence action. *Chaparro*, 693 F.3d at 1336. Plaintiff's attempt to invoke the Pennsylvania Rule to shift the burden of proof as to causation to Defendant fails because the Pennsylvania Rule is inapplicable here.

To be sure, the Pennsylvania Rule applies to an allision (the sudden impact of a vessel with a stationary object) as well as a collision of two crashing vessels. *The Pennsylvania*, 86

U.S. 125, 136 (1873); *see also Superior Const. Co., Inc. v. Brock*, 445 F.3d 1334, 1340 (11th Cir. 2006) ("Under the Pennsylvania Rule, when a ship at the time of an allision is in actual violation of a statutory rule intended to prevent allisions, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster and in such case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been."). For the Pennsylvania Rule to apply, Plaintiff must allege (1) a statutory rule; (2) intended to prevent collisions; (3) that Defendant violated at the time of the collision or allision. *The Pennsylvania*, 86 U.S at 136.

There is no evidence that an allision or collision of the Carnival *Horizon* took place that caused or contributed to Plaintiff's claimed incident. Plaintiff therefore cannot carry her burden in invoking the Pennsylvania Rule. Discovery is now completed, and it is the appropriate time for this Court to find the Pennsylvania Rule inapplicable here. *See* ECF No. 20 (Order on Defendant's Motion to Dismiss) at pg. 6 (declining to dismiss Plaintiff's allegations pertaining to the Pennsylvania Rule until discovery is completed).

As Plaintiff has failed to establish by the evidence that Defendant owed her a duty related to her incident, and because she cannot prove a breach caused her incident or shift the burden of causation to Defendant, this Court should enter summary judgment on Counts I and II of her Amended Complaint.

d.    Summary Judgment on Count III – Negligent Training and Supervision is Warranted Because Plaintiff Has Failed to Advance Evidence on the Required Elements.

Summary judgment should be entered on Count III because it is improperly pled, and Plaintiff does not have the evidence required to meet the necessary elements to present these claims to a jury. Plaintiff alleges Defendant owed her a duty to properly and adequately train

and supervise its crewmembers to inspect and ensure that  motorized scooters are equipped with operational audible warning sounds; that the operator of a motorized scooter has been training in using it; and that the operator demonstrates proficiency in using the motorized scooter. *See* ECF No. 9 (Amended Complaint) at ¶ 72. As demonstrated *supra* in section (c) of this Motion, Plaintiff is attempting to hold Defendant to duties unrecognized by maritime law or unsupported by evidence. Plaintiff has simply recast her allegations from Count I into a negligent training and supervision claim that is equally unsupported by record evidence.

Most importantly, claims for negligent training and supervision have specific elements that Plaintiff cannot meet here. "Negligent supervision 'occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment.' " *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1324 (S.D. Fla. 2020) (quoting *Doe v. NCL (Bahamas) Ltd.*, No. 1:16-CV-23733-UU, 2016 WL 6330587, at *4 (S.D. Fla. Oct. 27, 2016) (quoting *Cruz v. Advance Stores Co.*, 842 F. Supp. 2d 1356, 1359 (S.D. Fla. 2012)). "Accordingly, Plaintiff 'must allege that (1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment.' " *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *9 (S.D. Fla. Apr. 23, 2021) (citing *Cruz*, 842 F. Supp. 2d at 1359; (other citations omitted)). "Negligent training occurs when an employer was negligent in the implementation or operation of the training program and this negligence caused a plaintiff's injury." *Id.* (quoting *Doe*, 2016 WL 6330587, at *4) (internal quotation marks and citation omitted)).

At the outset, Plaintiff's Amended Complaint does not allege these elements. Furthermore, Plaintiff's claimed incident occurred when another passenger contacted her with

a motorized scooter. There is no evidence in this case that one of Defendant's employees somehow contributed to Plaintiff's incident.

Therefore, Plaintiff cannot sustain her burden in this case to prove negligent supervision because there is (1) no evidence an employee's unfitness, (2) no evidence of Defendant's notice of such unfitness, and (3) no evidence that Defendant failed to investigate an employee or take corrective action. *Reed*, 2021 WL 2592914, at *9.

Turning to negligent training, Plaintiff similarly cannot show Defendant was negligent in the implementation or operation of a training program that caused her injury. There is no evidence that Defendant had any training protocol that it failed to follow as it relates to Plaintiff's incident. Judge Moore recently considered a similar negligent training claim in *Quashen v. Carnival Corp.*:

> There is a significant difference between a cruise line that has a relevant training protocol but fails to implement it, and a cruise line that has no relevant training at all. In the former circumstance, a cruise line is aware of its own training protocol and therefore could be said to have notice of the same. However, in the latter circumstance, a cruise line does not have notice of training protocols that do not exist. Thus, the Eleventh Circuit's concern regarding "mode of operation" negligence and the importance of the notice requirement in this context counsels strongly against finding evidence to support negligent training based on procedures that do not exist – as is the case here.

No. 1:20-cv-22299-KMM, 2021 WL 5978472, at *24 (S.D. Fla. Dec. 17, 2021). Ultimately, the *Quashen* court granted summary judgment on plaintiff's negligent training claim "because Plaintiff [] failed to adduce evidence that Carnival was negligent in the implementation or operation of [a] training program." *Id*; *see also Diaz v. Carnival Corp.*, No. 20-cv-22755-Civ-TORRES, 2021 WL 3934138, at * 7 (S.D. Fla. Aug. 20, 2021) (granting summary judgment on negligent training and supervision claims due to lack of evidence). The same situation is

present here, and warrants summary judgment on Count III of Plaintiff's Amended Complaint.

e.       Summary Judgment on the Medical Negligence Claims in Counts IV and V Should Be Granted as Plaintiff Has Failed to Present Evidence of a Breach or Causation.

Carnival is entitled to summary judgment on Plaintiff's medical negligence theories because Plaintiff has no evidence on whether Carnival breached a standard of care or that shipboard medical personnel worsened her injuries.  Under federal maritime law, a plaintiff is required to set forth evidence on four elements of negligence: duty, breach, causation, and damages. *Chaparro*, 693 F.3d at 1336. Here, Plaintiff fails to satisfy the duty and breach elements of her medical negligence claims in Counts IV and V of her Amended Complaint.

To be sure, as part of her expert witness disclosure, Plaintiff only disclosed the names of her treating physicians. *See* **Exhibit 1** (Plaintiff's Expert Witness Disclosure Served November 17, 2021). Plaintiff did not serve any expert reports. *Id.* Plaintiff therefore has no expert testimony to present regarding the standard of care for onboard ship physicians, or whether any standard of care was breached. *See Lambert v. United States*, 198 F. App'x 835, 839 (11th Cir. 2006) ("Generally the standard of care in medical malpractice cases is determined through expert testimony.") (citing *Pate v. Threlkel*, 661 So.2d 278, 281 (Fla. 1995)); *Torres v. Sullivan*, 903 So.2d 1064, 1068 (Fla. 2d DCA 2005). And, Plaintiff has no evidence to rebut Defendant's own shipboard medical expert who opines that the ship's physician's continued monitoring, treatment, and referral of Plaintiff to a shoreside hospital met the standard of care for cruise ship medicine. SOF at ¶ 17.

In cases such as these, courts routinely grant summary judgment on medical negligence claims where there is no evidence that a standard of care has been breached. *See Disler v. Royal Caribbean Cruises, Ltd.*, No. 17-cv-23874-MORENO/LOUIS, 2019 WL 1316995, at *6 (S.D.

Fla. Feb. 19, 2019) (recommending summary judgment on various medical treatment theories where plaintiff failed to disclose expert), *report and recommendation adopted*, No. 17-23874-CIV, 2019 WL 1992929 (S.D. Fla. Mar. 15, 2019); *Law v. Carnival Corp.*, No. 20-21105-Civ-TORRES, 2021 WL 3129631, at *3-4 (S.D. Fla. July 23, 2021) (granting summary judgment on medical negligence counts where plaintiff disclosed no expert on standard of care); *Quashen*, 2021 WL 5978472, at *24 (granting summary judgment on medical negligence claim where there was no evidence a standard of care was breached).

Further, Plaintiff also has no expert testimony to establish whether or not her onboard medical treatment worsened her right tibial plateau fracture. Summary judgment is appropriate where a plaintiff fails to establish causation on a medical negligence claim. *Law*, 2021 WL 3129631, at *3-4; *Quashen*, 2021 WL 5978472, at *24. Additionally, expert testimony is necessary to establish medical causation for conditions not readily observable by laypersons. *Mann v. Carnival Corp.*, 385 F.Supp.3d 1278, 1285 (S.D. Fla. 2019) (citing *Riviera v. Royal Caribbean Cruises, Ltd.*, 711 F.App'x 952, 954 (11th Cir. 2017) ("When the causal link between alleged injuries and the incident at issue is not readily apparent to a layperson, expert medical testimony as to medical causation is typically required.")).

Here, the x-rays of Plaintiff's right knee taken on the night of the scooter incident indicated a right tibial plateau deformity and possible fracture. Plaintiff ultimately underwent surgery for a right tibial plateau fracture less than two (2) weeks later. While Plaintiff has alleged her onboard medical treatment and a delayed diagnosis likely exacerbated her injury, she has not advanced any expert testimony supporting this theory. Moreover, Defendant's orthopedic expert Dr. Sophia Deben opined there was no conclusive evidence to suggest that any action or inaction of the ships medical staff complicated Plaintiff's medical course or compromised Plaintiff's overall prognosis. SOF at ¶ 16. Therefore, in addition to failing to

advance any expert medical testimony that her onboard medical treatment caused her injuries to worsen, Plaintiff also fails to rebut Defendant's own affirmative evidence on the issue at the summary judgment stage.

In sum, Plaintiff has failed to present the necessary evidence for the duty and breach elements of her medical negligence claims.  Accordingly, summary judgment as to Counts IV and V of Plaintiff's Amended Complaint should be entered in Defendant's favor.

## III.   CONCLUSION

For the reasons stated above, this Court should enter final summary judgment in Defendant's favor on all claims made in Plaintiff's Amended Complaint [ECF No. 9].

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ W. Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
michael.drahos@gray-robinson.com
cooper.jarnagin@gray-robinson.com
lilia.parker@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2021, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ W. Cooper Jarnagin
W. Cooper Jarnagin

**SERVICE LIST**
**CASE NO.: 1:20-cv-23463-MGC**

Deborah J. Gander, Esq.
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (476)7400
Deborah@colson.com
Eservice@colson.com