UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 1:20-cv-23463-XXXX
Magistrate Judge: Jonathan Goodman

|  |  |
|---|---|
| MARIA PEREZ-SERA, | ) ) ) ) |
|     Plaintiff, | ) ) |
| v. | ) ) |
| CARNIVAL CORPORATION, a Panamanian Corporation, the owner and operator of the Trademark CARNIVAL CRUISE LINE, | ) ) ) ) |
|     Defendant. | ) ) / |

**JOINT SUMMARY OF PARTIES' MOTIONS IN LIMINE**

Plaintiff, MARIA PEREZ-SERA ("Plaintiff" or "Perez-Sera") and Defendant, Carnival Corporation d/b/a Carnival Cruise Lines ("Defendant" or "Carnival"), in accordance with the Court's Order Setting Civil Trial Date and Pretrial Deadlines [DE No. 21], hereby submit the following Joint Summary of Motions in Limine, including an index of all motions in limine in this matter:

1

## INDEX

I.     PLAINTIFF'S MOTION IN LIMINE TO PREVENT REFERENCE OR SUGGESTION THAT DAMAGES AWARDS MAY DRIVE UP THE PRICE OF PRODUCTS OR SERVICES ........................................................................3
Response ......................................................................................................3

II.    PLAINTIFF'S MOTION IN LIMINE TO PREVENT EVIDENCE OR ARGUMENT REGARDING WHAT PLAINTIFF MIGHT DO WITH ANY AWARD OF DAMAGES PLAINTIFF MIGHT RECEIVE...............................................................4
Response ......................................................................................................4

III.   PLAINTIFF'S MOTION IN LIMINE TO PREVENT EVIDENCE OR ARGUMENT REGARDING THE TIME OR CIRCUMSTANCE UNDER WHICH THE PLAINTIFF EMPLOYED ANY ATTORNEYS .........................................................5
Response ......................................................................................................5

IV.   PLAINTIFF'S MOTION IN LIMINE TO PREVENT IMPROPER CLOSING ARGUMENT..............................................................................................6
Response ......................................................................................................6

V.    DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR TESTIMONY OF MEDICAL BILLS OR LIEN AMOUNTS NOT PRODUCED IN DISCOVERY..............................................................................................7
Response ................................................................................................ 7-8

**I.**   PLAINTIFF'S MOTION IN LIMINE TO PREVENT REFERENCE OR SUGGESTION THAT DAMAGES AWARDS MAY DRIVE UP THE PRICE OF PRODUCTS OR SERVICES

Any reference to or suggestion that a damages award for Plaintiff may drive up the price of products of services, including cruise line tickets, put corporations out of business or cost jobs to be lost, is irrelevant and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time.  *See* Rule 402 and Rule 403.

Rule 402 provides that "[i]rrelevant evidence is not admissible."

Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues." A Rule 403 determination is committed to the district court's discretion. *See, e.g., United States v. Dixon*, 901 F.3d 1322, 1345 (11th Cir. 2018).


Defendant's Response:

Defendant is unopposed to Plaintiff's Motion as it does not intend to argue that a damages award may drive up the prices of products or services, put corporations out of business, or cost jobs to be lost.

3

**II.**     PLAINTIFF'S MOTION IN LIMINE TO PREVENT EVIDENCE OR ARGUMENT REGARDING WHAT PLAINTIFF MIGHT DO WITH ANY AWARD OF DAMAGES PLAINTIFF MIGHT RECEIVE

Any evidence regarding or suggesting what Plaintiff might do with any award of damages she might receive is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time. *See* Rule 401 and Rule 403.

Rule 401 provides that, to be relevant, evidence must have a tendency to make a "fact [that] is of consequence in determining the action" more or less probable than it would be without the evidence. If the jury determines that Plaintiff has met her burden of proof that she suffered damages, then what she may or may not do with any monies rendered in the verdict is irrelevant to the only issues properly before the jury and this Court

Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues." A Rule 403 determination is committed to the district court's discretion. *See, e.g., United States v. Dixon*, 901 F.3d 1322, 1345 (11th Cir. 2018).

Defendant's Response:

Defendant is unopposed to Plaintiff's Motion as it does not intend to make an argument regarding what Plaintiff might do with any award for damages.

**III.** PLAINTIFF'S MOTION IN LIMINE TO PREVENT EVIDENCE OR ARGUMENT REGARDING THE TIME OR CIRCUMSTANCE UNDER WHICH THE PLAINTIFF EMPLOYED ANY ATTORNEYS

Any evidence regarding the time or circumstance under which Plaintiff employed any attorneys is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay, and waste of time, particularly considering that the passenger ticket time bars Plaintiff's recovery unless she provides notice within 180 days and files her lawsuit within 365 days. *See* Rule 402 and Rule 403; *see also Watson v. Builders Square, Inc.*, 563 So. 2d 721 (Fla. 4th DCA 1990) (evidence that Plaintiff saw a lawyer three days after the accident was inadmissible).

Rule 402 provides that "[i]rrelevant evidence is not admissible."

Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues." A Rule 403 determination is committed to the district court's discretion. *See, e.g., United States v. Dixon*, 901 F.3d 1322, 1345 (11th Cir. 2018).

Defendant's Response:

Defendant is unopposed to Plaintiff's Motion as it does not intend to offer any evidence regarding when or the circumstances under which Plaintiff retained an attorney.

**IV.**     PLAINTIFF'S MOTION IN LIMINE TO PREVENT IMPROPER CLOSING ARGUMENT

Counsel should not attempt to evoke images of "runaway verdicts," assert that a claim or defense is "frivolous," characterize plaintiff's case as "cashing in on a lottery ticket" or argue that the judicial system is "out of control." *Murphy v. International Robotic Systems, Inc.*, 766 So.2d 1010 (Fla. 2000).

Defendant's Response:

Defendant is unopposed to Plaintiff's Motion as it does not intend to present any "improper closing argument."

6

**V.**   DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR TESTIMONY OF MEDICAL BILLS OR LIEN AMOUNTS NOT PRODUCED IN DISCOVERY

Defendant moves to preclude evidence or testimony from Plaintiff or any other witness pertaining to medical bills and lien amounts that have not been disclosed in this case. Federal Rule of Civil Procedure 37(c)(1) states a party may not use undisclosed information that had to be disclosed under Rules 26(a) or (e) at trial unless the failure to produce the information was substantially justified or harmless. Rule 26(e)(1) states a party must supplement disclosures or responses "in a timely manner ... if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Representations have been made in this case that Plaintiff is responsible for payment of certain medical expenses due to her health insurance lapsing while she was in a rehabilitation hospital following her incident. However, documentation of these alleged medical expenses owed by Plaintiff has not been provided to Defendant. To the extent Plaintiff seeks an award from the jury for these expenses, she has not disclosed this documentation, has failed to authenticate same, and has offered no foundation for the admission of these medical bills under an exception to the rule against hearsay. Therefore, Defendant requests that any evidence or testimony regarding medical bills or liens amounts allegedly owed by Plaintiff not produced in discovery be precluded from trial.

Plaintiff's Response:

On February 3, 2021 in her Response to Request for Production, Plaintiff produced a bill from West Gables Healthcare Center (bates numbered 001865-001883), which shows and

7

outstanding balance of $12,105.50.  Plaintiff also disclosed in her Second Amended Answer to Interrogatory #10, dated September 9, 2021, that "I was billed and still owe approximately $12,600 that was not covered by insurance for part of my stay at West Gables Health Care Center because I do not have the money."

Plaintiff testified in her September 8, 2021 deposition that she received bills at home for an outstanding balance of "roughly" $12,600.  Although defense counsel did not further inquire, she will testify from personal knowledge that the outstanding balances were the result of her insurance being canceled due to nonpayment of premiums while she was in the rehabilitation center.

Further, in her September 9, 2021 Second Amended Answer to Interrogatory #10, Plaintiff also disclosed "As a result of this incident, my health insurance carrier, Doctors Healthcare Plans, Inc., has paid a portion of my medical bills and has a right of subrogation. The amount of medical bills it has paid to date are $30,218.68. *See* itemized payout sheet attached for DHP health insurance payments.  In addition, Centers for Medicare and Medicaid has a separate lien for $24,433.89. *See* itemized payout sheet attached for CMS health insurance payments.  These liens and the services reflected on them do not overlap."  Both liens were attached to the response.

Dated this 27th day of April, 2022.

Respectfully submitted,

   Deborah J. Gander                         W. Cooper Jarnagin

| | |
|---|---|
| DEBORAH J. GANDER | MICHAEL J. DRAHOS |
| (Fla. Bar No. 34363) | (Fla Bar No. 0617059) |
| deborah@colson.com | michael.drahos@gray-robinson.com |
| COLSON HICKS EIDSON | W. COOPER JARNAGIN |
| 255 Alhambra Circle | (Fla. Bar No. 117767) |
| Penthouse | Cooper.Jarnagin@Gray-Robinson.com |
| Coral Gables, Florida 33134 | GRAY ROBINSON, P.A. |
| Tel. (305) 476-7400 Fax: (305) 476-7444 | 515 North Flagler Drive, Suite 1425 |
| Counsel for Maria Perez-Sera | West Palm Beach, Florida 33401 |
| | Tel. (561) 268-5727 Fax: (561) 268-5745 |
| | Attorneys for Carnival Corporation |

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on April 27<sup>th,</sup> 2022, I filed a true and correct copy of the Joint Pretrial Stipulation in *Perez-Sera v. Carnival Corp.,* Case Number: 1:20-cv-23463 with the Clerk of Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

s/ Deborah J. Gander
DEBORAH J. GANDER