UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-23463-Civ-COOKE/GOODMAN**

MARIA PEREZ-SERA,

Plaintiff,

v.

CARNIVAL CORPORATION, a Panamanian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE,

Defendant.

_____/

**PLAINTIFF'S RESPONSE TO CARNIVAL CORPORATION'S STATEMENT OF
MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Maria Perez-Sera, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Southern District of Florida, submits this response to Carnival Corporation's Statement of Material Facts in Support of its Motion for Summary Judgment [ECF No. 42].

**RESPONSE**

1.      Undisputed.

2.      Disputed to the extent this fact suggests Plaintiff was struck as she was exiting the liquor store. Plaintiff and her family had already exited the liquor store and were in front of the Invicta store when Plaintiff was struck from behind by the motorized scooter. (Perez-Sera Dep., Vol. I [ECF No. 42-1] at 60:14–21; Exhibit A: Lucy Garcia Dep. at 11:5–11.)

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

3. Undisputed that Plaintiff observed another passenger using a motorized scooter in the same area as the incident (near the ship's casino) and at an excessive speed. (ECF No. 42-1 at 55:6–8, 56:5–19.)

4. Undisputed.

5. Undisputed.

6. Disputed. Eileen Smith's mobility questionnaire [ECF No. 42-5] was from a cruise in 2018; on that cruise she was assigned to cabin 6207. During the August 2019 cruise that is the subject of this lawsuit, Smith was assigned to cabin 8227. (Exhibit B: Smith Passenger Details, Exhibit 3 to Lagas Dep.)

7. Undisputed, however, the decision was made a time when Plaintiff believed she had suffered a simple fall and had not yet been advised that she had suffered fractures to both her legs, one of which would require surgery (with hardware) and three months of in-patient rehabilitation. (ECF No. 42-1 at 76:12–17.)

8. Undisputed.

9. Undisputed.

10. Undisputed. But disputed that *Carnival* appropriately accommodated Plaintiff's injuries. Though she was given a wheelchair, Plaintiff was not provided with a wheelchair accessible cabin. As a result, she had to stand and bear weight on her injuries each time she exited or entered her room. (Perez-Sera Dep., Vol. II [ECF No. 42-9] at 111:20–23, 117:23–118:1.) And because the wheelchair could not fit into the cabin's bathroom Plaintiff's family members were forced to bathe her with bottled water while she sat on a toilet in the public handicapped-accessible bathroom. (*Id.* at 152:17–24; 153:9–20.)

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

11.     Undisputed, but Plaintiff did not have any contact with Dr. Chagin on August 24, 2019, the day the x-rays were taken, and so could not have known that she requested the images be read by a shoreside radiologist. (ECF No. 42-1 at 87:7–15.)

12.     Undisputed. But disputed that Dr. Chagin informed Plaintiff of the radiologist's specific findings regarding the fracture. (*Id.* at 99:17–20.)

13.     Undisputed.

14.     Undisputed.

15.     Undisputed.

16.     Undisputed that Dr. Sophia Deben renders this opinion. But disputed that that the actions or inactions of the ship's staff did not complicate Plaintiff's medical course. The failure to provide Plaintiff with a wheelchair accessible room forced her to stand and bear weight on (and rotate her full body weight over) her fractured right tibia each time she entered or exited the cabin or needed to bathe or use the restroom. (ECF No. 42-9 at 111:20–23, 117:23–118:1.)

17.     Undisputed that Dr. John Bradberry has so testified. However, disputed that Dr. Chagin did in fact "monitor, treat, and refer the Plaintiff to a shoreside hospital for follow-up imaging at the conclusion of the cruise." Dr. Chagin simply advised that Plaintiff consult a shoreside orthopedic specialist at the end of the cruise. (ECF 42-1 at 97:23–25.)

### PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

The following are additional facts that Plaintiff contends are material to the motion for summary judgment:

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

**The *Horizon's* Layout**

18.     As reflected in the diagram excerpt below, the *Horizon* has a multi-level atrium which, on Deck 4, is ringed by a circular walkway:



(Exhibit C: Deck 4 Diagram, Exhibit 4 to Lagas Dep.)

19.     This walkway is one of the *Horizon's* busier areas. (ECF 42-1 at 54:17–55:1.)

20.     It houses the ship's shopping area. (*Id.* at 54:2–3.) Passengers also stop and congregate along the perimeter of the walkway to listen to musicians playing. (*Id.* at 54:3–21.)

21.     In addition, the walkway absorbs the flow of passengers exiting the ship's casino through a hallway (reflected in the center of the Deck 4 diagram). (Exhibit C.)

**The Scooter**

22.     In June of 2018 (over a year before the cruise), the driver of the motorized scooter who struck Plaintiff, Eileen Smith, completed a mobility questionnaire. (ECF No. 42-5 at 1.)

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

23. Though Smith indicated that her scooter was "standard" – which the questionnaire defines as one being able to fit through a standard cabin's 22-inch door – she also marked that she had reserved a "fully accessible-single side approach" stateroom. (*Id.*)

24. During the 2019 cruise, Smith indeed stayed in a fully accessible stateroom. (Exhibit B; Exhibit D: Stateroom 8227 Details.)

25. Passengers who reserve these rooms can bring scooters that are larger that 21 inches. (ECF No. 42-5 at 1.)

26. According to Plaintiff, Smith was operating "[a] big scooter" at the time of the incident. (ECF No 42-1 at 55:14–15.)

27. Indeed, the Carnival security officer investigating the collision, Arvin Lagas, indicated he was not used to seeing a scooter like it onboard the ship. (Lagas Dep. [ECF No. 42-3] at 48:10–12.)

**The Incident**

28. On the evening of August 24, 2019, Plaintiff and her family members entered the atrium's walkway, along with "a lot of people" who had just finished dinner. (ECF No 42-1 at 60:14–19; 68:10–23.)

29. Plaintiff and her family stopped to browse in a gift shop and then stepped back out into the atrium's walkway. (*Id.* at 60:14–19; Exhibit A at 11:5–11.)

30. At the time of the incident, Plaintiff and her family were just outside of the Invicta store, near the area where the musicians play. (ECF No. 42-1 at 60:22–61:2.) The exact location is reflected in red in the following image:

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444



(Exhibit E: Close-up Diagram of Deck 4, Exhibit 5 to Lagas Dep.)

31.     Based on his review of video surveillance of the incident, security officer Lagas testified that Smith exited the casino through the hallway that connects to the atrium. (ECF No. 42-3 at 39:23–40:1.)

32.     There are no posted signs instructing scooter drivers to slow down or turn carefully at the hallway's exit. (*Id.* at 63:19–25.)

33.     As Smith turned right at the corner where the hallway joins the atrium, she collided with Plaintiff, who remained standing outside the gift shop.  (*Id.* at 40:23 – 41:42:3.)

34.     According to Lagas, the following photograph reflects Smith's path (in green) and the location where she struck Plaintiff (in red):



6

(Composite Exhibit F: Photograph of Scene, Exhibit 6 to Lagas Dep at Perez-Sera 01971)

35.     The view from Plaintiff's location, marked in red (and if she had been facing the opposite direction looking toward the casino's hallway), is reflected in following photograph:



(*Id.* at Perez-Sera 01976.)

36.     According to Lagas's review of the video surveillance, as Smith rounded this corner, she drove into Plaintiff's legs from behind. (ECF No. 42-3 at 63:17–21.)

**Plaintiff's Injuries**

37.     Upon impact, Plaintiff screamed and fell forward. (ECF No. 42-1 at 62:15–63:21.)

38.     She was taken by wheelchair to the ship's medical center where x-rays were taken. (*Id.* at 82:6–22.)

39.     The radiology report, which suggested the presence of an "acute fracture" of her right tibial plateau, was not prepared until August 26, 2019, two days later. (ECF No. 42-6 at 11.)

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

40.     According to an entry logged by the *Horizon's* medical staff, Plaintiff was contacted on August 27, 2019 and told of the possible fracture and encouraged to see an orthopedist when she returned home. (ECF No. 42-6 at 4.)

41.     But Plaintiff was not advised that she had a fracture that required orthopedic care. (ECF 42-1 at 97:23–25.)

42.     Though Plaintiff was provided with a wheelchair the night of the incident, she was never provided with a wheelchair accessible cabin. Thus, stand and bear weight on (and rotate her full body weight over) her fractured right tibia each time she entered or exited the cabin or needed to bathe or use the restroom. (ECF No. 42-9 at 111:20–23, 117:23–118:1.) According to the ship's medical records, Plaintiff weighed approximately 258 pounds at the time. (ECF No 42-6 at 1.)

43.     Additionally, while the records indicate Plaintiff was provided with a knee-brace on August 27, 2019, there are no notes indicating she was told to remain non-weight bearing on the fracture. (ECF No. 42-6 at 4.)

44.     After disembarking on August 29, 2019, Plaintiff immediately went to Doctors Hospital, where she was admitted pending surgery to correct the tibial fracture. (ECF No 42-9 at 125:8–21.)

45.     According to Plaintiff's treating physician, Dr. Charles Jordan, her injuries are consistent with being struck from behind by a scooter and thrown forward. (Exhibit G: Dr. Jordan Dep. at 25:17–26:16.)

46.     Plaintiff's surgery required the use of screws and a plate to stabilize the joint and bone structures. (*Id.* at 29:4–31:4).

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

47.     In addition to the right tibial fracture, Plaintiff sustained a fracture to her left ankle; that injury is also consistent with being hit from behind by a scooter. (*Id.* at 38:8–16.)

48.     Plaintiff spent seven days in the hospital; three months at an in-patient rehabilitation center; and four months receiving home-health care. (ECF No. 42-9 at 125:17–21, 128:8–12; Exhibit H: Medicare lien at Perez-Sera 3453.)

49.     As a result of her injuries, Plaintiff has developed post traumatic arthritis which will likely continued to affect her in the future. (Exhibit G at 48:2–10.)

**The Lost Video Surveillance**

50.     On February 4, 2021 – and in response to Plaintiff's specific request for "video of the actual collision" – Carnival indicated that there was "[n]one as to surveillance videos." (Exhibit I: Def.'s Resp. to Pl.'s first Req. for Production at No. 3.)

51.     During his deposition on October 26, 2021, security officer Lagas testified that after personally viewing video of the collision, the then saved it to a computer in the security office. (ECF No. 42-3 at 21:6–25.)

52.      Chief Security Officer Jagdish Pai confirmed that any video reviewed as part of an incident investigation is stored on an external hard drive in the security office. (Exhibit J: Pai Dep. at 15:16–16:8.)

53.     In fact, it was Carnival's policy in 2019 that, for incidents likely to lead to litigation, "footage of the incident itself and … usually a couple minutes before and after" was to be saved to an external hard drive. (Exhibit K: Vazquez Corp. Rep. Dep. at 10:19–11:15.)

54.      Roughly eight months later, Carnival's security officers reported that the hard drive could not be "detected" when plugged into a computer. (Exhibit L: March 2020 Emails from *Horizon* Security.)

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

55.    In January 2021 (prior to Carnival representing that there was no video surveillance), one of Carnival's in-house litigation representatives requested a copy of the video. (Exhibit K at 6:23–25, 9:12–20, 14:7–11.) She was told the hard drive was unreadable. (*Id.* at 9:19-21.)

56.    Next, counsel for Carnival retrieved the hard drive from the ship and delivered it to Carnival's shore side IT department in an attempt to recover the data. (*Id.* at 14:19–23.)

57.    However, as explained by Carnival's data recovery vendor, the hard drive was "opened by a technician that followed no data recovery requirements needed for this type of operation. The surface of the discs are magnetized and when opened outside of a clean room, dust particles contaminate the disk surfaces." (Exhibit M: February 22, 2022 Email from Datalab, Inc. at 1-2.)

58.    Because a *Carnival* technician improperly opened the hard drive outside of a "clean room," the vendor submerged the discs in medical grade alcohol to try and restore them. (*Id.* at 2.)

59.    However, the hard drive could not be recovered, and, thus, the video surveillance was permanently lost. (Exhibit N: April 22, 2022 Email from Carnival's Counsel.)

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was e-filed with the Clerk of Court through the CM/ECF on this 28 day of April 2022 and is to be e-served by the CM/ECF system to: Michael J. Drahos, Esq., W. Cooper Jarnagin, Esq., GRAY ROBINSON, P.A., 515 North Flagler Drive, Suite 1425, West Palm Beach, Florida 33401, T: (561) 268-5727, F: (561) 268-5745, michael.drahos@gray-robinson.com; lilia.parker@gray-robinson.coml Cooper.Jarnagin@Gray-Robinson.com.

COLSON HICKS EIDSON
Attorneys for Plaintiff
255 Alhambra Circle, PH
Coral Gables, Florida  33134
(305) 476-7400


By     *Deborah J. Gander*
        Deborah J. Gander
        Florida Bar No. 34363
        Deborah@colson.com
        Eservice@colson.com
        Lina@colson.com