UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

      Plaintiff,

v.

CARNIVAL CORPORATION, a Panamanian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

      Defendant.

_____/

**DEFENDANT, CARNIVAL CRUISE LINES' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, CARNIVAL CRUISE LINES (hereinafter "Defendant"), by and through his undersigned counsel, hereby responds to Plaintiff's First Request for Production and states as follows:

1.     Itinerary for the voyage in question.

     **See attached.**

2.     A full and complete copy of any security camera or surveillance videos and/or photographs taken of Ms. Perez-Sera while on board the ship, including video of the actual collision, and/or photographs or footage of her cabin, her entering and exiting her cabin, and of Ms. Perez-Sera approaching, entering, or inside the ship's medical clinic, and of Ms. Serez boarding the ship the day it sailed and disembarking the ship after the cruise ended.

     **See attached. None as to surveillance videos.**

3.     Photographs and video of the scene.

     **See attached photographs, which Defendant provides in good faith and is not intended to be construed as a waiver of its remaining work product privilege pertaining to its investigation of this incident.**

4.      Photographs and video of the scooter that was driven into Ms. Perez-Sera.

**See response to Request for Production No. 3.**

5.      Any documentation regarding training or screening given to Carnival passengers before they are permitted to operate motorized vehicles onboard a Carnival ship that is occupied by other passengers and crewmembers.

**See attached.**

6.      Any documentation that passengers must provide to Carnival before being permitted to bring a motorized scooter onboard a Carnival ship, including but not limited to the Carnival *Horizon.*

**See response to Request No. 5 [Bates 22-23] which passengers are requested to provide prior to boarding.**

7.      Any documentation that passengers must provide to Carnival before being permitted to operate a motorized scooter onboard a Carnival ship, including but not limited to the Carnival *Horizon.*

**See response to Request No. 6.**

8.      Any and all safety articles sponsored, used or authored by the defendant or others which was printed or distributed to defendant's employees regarding use of motorized scooters on the ship.

**See attached**

9.      Any and all documents reflecting the name, home address, work address, telephone number, and email address(es) for the passenger who was driving the scooter that collided with Plaintiff Perez-Sera and caused her injuries.

**See attached**

10.      Any and all documents with respect to safety suggestions made by crew members for the for 3 years prior to the date of the alleged incident that injured Ms. Perez Sera.

**Objection; vague and overbroad in time and scope.  The Request is vague and overbroad in scope because it provides no reasonable parameters whatsoever as to the kinds of "safety suggestions" made by crew members Plaintiff is seeking, nor is it even limited by vessel. Instead, Plaintiff is seeking any suggestion made by any crew member of any vessel over a three (3) year period regarding any subject.  This is the epitome of a fishing expedition, as it is not in any way reasonably tailored to the material issues in this case, nor is it proportionate to the needs of the case. As a result, the Request is unduly burdensome and calls for information that is not reasonably calculated to lead to the discovery of admissible evidence.**

11.      Ship's logs (including but not limited to the deck log, engineering log, maintenance and repair log, radio-telephone log) rough and smooth for the voyage during which Plaintiffs injury occurred.

**See attached ship logs**.

a. Copy of the purser's log for the voyage of the alleged accident.

**Objection, overbroad in scope and not reasonably calculated to lead to the discovery of admissible evidence. The purser's log for the entirety of the cruise is unreasonably excessive and calls for information that is not germane to the material issues of this case.**

b. Copy of the purser's log for three years prior to plaintiffs alleged accident with respect to accidents that occurred involving the same type of motorized scooter as the one involved in the incident that injured Plaintiff Perez-Sera as described in the complaint.

**Objection; overbroad in time and scope, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request is overbroad is overbroad in time and scope because it seeks information fleet wide over a three year time period, regardless of whether any such circumstances were in any way similar to the subject incident. As a result, the Request is not proportionate to the needs of the case and calls for information that is not reasonably calculated to lead to the discovery of admissible evidence.**

c. Copies of the entries contained in the Ship's medical log which reflect care, treatment and/or examination of Plaintiff while on the Carnival *Horizon*.

**See Medical Chart**.

d. All log entries pertaining to Plaintiff, including the accident and/or Plaintiffs medical care, medical treatment and medical examinations.

**Objection; Defendant cannot respond to this Request as written as "log entries" is vague and it is unclear exactly what Plaintiff is seeking. Without waiving the foregoing objection, please see a copy of the Medical Chart. Defendant reserves the right to assert further objections once the nature of Plaintiff's Request is further clarified.**

e. The voyage files and voyage reports for the voyage during which Plaintiffs injuries or incident/accident alleged in the complaint to have occurred are recorded.

**Objection; Defendant cannot respond to this Request as written as "voyage files" is vague and it is unclear exactly what Plaintiff is seeking. Without waiving the foregoing objection, please see a copy of the Medical Chart. Defendant reserves the right to assert further objections once the nature of Plaintiff's Request is further clarified.**

12. Copy of any and all statistics dealing with accidents or injuries similar to what is being claimed by plaintiff in this case (being run into or over by another person who is operating a motorized scooter onboard ship).

**Objection; Request No. 12 is vague as to the scope of this Request relative to Plaintiff's definition of "onboard ship." Moreover, to the extent such statistics exist, said information would be protected under the attorney-client privilege, work product doctrine, and/or critical self-analysis privilege.**

13.     Safety and Environment Meeting notes, committee reports, physicians' reports and any other document produced with respect to the meetings from one year before the date of the incident alleged in the complaint to one year after the date of the incident alleged in the complaint.

**Objection; Request No. 13 is vague and overbroad in scope as a two year inquiry of all safety and environmental meeting notes, committee reports, physicians' reports and "any other document produced with respect to meetings" is impossible to respond to as written as it is essentially unintelligible. For example, any "physician reports" written over a two year time period is essentially asking for each and every medical chart generated for patient care across the entire fleet-which is an egregious fishing expedition, invasion of HIPAA rights, and unduly burdensome. Defendant similarly objects to "committee notes" and "any other document produced with respect to meetings" as impossibly vague. Further, environmental notes (across the entire fleet) has no logical nexus to the material issues in this case and thus Defendant objects as it relates to relevance and scope. Finally, any "safety" meeting notes generated over a two year time period fleetwide is also overbroad in scope as there are no reasonable parameters provided whatsoever. Ultimately, Request No. 13 is so vague and so overbroad that it is clearly aimed to harass Defendant with an extraordinarily burdensome request.**

14.     All medical reports, clinic records— including digital copies of the x-rays taken — prescription records, etc. pertaining to care Ms. Perez-Sera received onboard as a result of this incident.

**See attached Medical Chart.**

15.     Accident or incident report(s) pertaining to the incident/accident alleged in the Complaint, including those prepared on the vessel by the security personnel, the medical personnel, maintenance personnel, or any other officer or crewmember at or near the time of the incident before the scene of the incident changed.

**Objection; Request for Production No. 15 is confidential protected via the work product doctrine.**

**Privilege log: A nine (9) page investigative SeaEvent Accident Report created by Arbind Lagas on August 25, 2019 on behalf of Carnival Corporation in anticipation of litigation. Defendant objects to providing a copy of said SeaEvent Accident Report as work product privilege. Included within the nine (9) page SeaEvent Accident Report prepared by Mr. Lagas is also:**

**A)      A one page hand written statement was obtained from Elizabeth Perez on August 25, 2019 as a part of the investigative SeaEvent Accident Report created by Arbind Lagas on behalf of Carnival Corporation in anticipation of litigation;**

**B)      A summary of an oral statement obtained from Eileen Smith on August 25, 2019 as part of the investigative SeaEvent Accident Report created by Arbind Lagas on behalf of Carnival Corporation in anticipation of litigation;**

**C)      Two photographs taken of the subject area and four photographs of the subject scooter taken by Arbind Lagas on behalf of Carnival Corporation in anticipation of litigation.**

a.  Accident or incident reports pertaining to similar Incidents to those alleged in the complaint on board the same vessel.

   **Objection; Request 15 (a) is vague and overbroad in both time and scope, thus calling for information that is disproportionate to the needs of the case and not reasonably calculated to lead the discovery of admissible evidence.  Additionally, the information requested is protected by the work product doctrine.  The Request is vague because it does not define "similar incidents to those alleged in the complaint" and is thus subject to various interpretations.  The Request is overbroad in time and scope because it does not place any time parameters whatsoever.  The Request is disproportionate to the needs of the case because it amounts to an improper fishing expedition.**

b.  Investigation pertaining to similar incidents to those alleged in the complaint on board the same vessel.

   **Objection; Request 15 (b) is vague and overbroad in both time and scope, thus calling for information that is disproportionate to the needs of the case and not reasonably calculated to lead the discovery of admissible evidence.  Additionally, the information requested is protected by the work product doctrine.  The Request is vague because it does not define "similar incidents to those alleged in the complaint" and is thus subject to various interpretations.  The Request is overbroad in time and scope because it does not place any time parameters whatsoever.  The Request is disproportionate to the needs of the case because it amounts to an improper fishing expedition.**

c.  Accident or incident reports or other investigations that put defendant on prior notice of the dangers associated with Plaintiffs accident alleged in the complaint.

   **Objection; Request 15 (c) is vague and overbroad in both time and scope, thus calling for information that is disproportionate to the needs of the case and not reasonably calculated to lead the discovery of admissible evidence.  Additionally, the information requested is protected by the work product doctrine.  The Request is vague because it is subject to various interpretations and presumes Defendant had notice of a purportedly dangerous condition associated with the subject incident.  The Request is overbroad in time and scope because it does not place any time parameters whatsoever.  The Request is disproportionate to the needs of the case because it amounts to an improper fishing expedition.**

d.  Accident or incident reports filed with any governmental agencies including but not limited to the United States Coast Guard pursuant to 46 U.S.C. section 6101 and/or the government of the flag of the vessel.

   **Objection; Request 15 (d) is overbroad in both time and scope, thus calling for information that is disproportionate to the needs of the case and not reasonably calculated to lead the discovery of admissible evidence.  The Request is overbroad in time and scope because it does not place any time parameters whatsoever and essentially calls for Defendant to produce each and every accident or incident report provided to governmental agencies regardless of when, why or why the report was completed.  For example, an accident report provided to a governmental agency**

**regarding a slip and fall incident that occurred on an entirely different vessel ten (10) years ago would have not any relevance to the subject matter involved in this case.  The Request is disproportionate to the needs of the case because it amounts to an improper fishing expedition.**

e. Any and all documents showing the name, address, employer and dates of investigation of each person that investigated this incident including but not limited to attorneys, investigators, photographers and the safety officer on the vessel.

**See Privilege log provided in response to Request No. 15 above.**

16. Color Laser Copy of **all documents signed by Ms. Perez-Sera or anyone in her party related to this incident. (We were advised that Ms. Perez-Sera was asked to sign documents before she left the ship.)**

**See attached Guest Consultation Form provided in response to Request No. 14. Additionally, see attached Passenger Injury Statement, which is being provided in good faith and not to  be construed as a waiver of Defendant's work product objection.**

17. Any and all documents reflecting the name, home address, work address, telephone number, and email address for the crewmember who presented the documents referenced in RFP #16 above to Ms. Perez-Sera for signature.

**It is currently unknown who specifically requested Ms. Perez sign the Passenger Injury Statement.  Defendant objects to providing personal contact information of any crew members/medical personnel as an unwarranted invasion of privacy.  Any inquiries and/or requests for deposition of these witnesses may be directed to defense counsel.**

18. Curriculum for Dr. Claudia Patricia Gonzalez Chagin (or whatever is the correct name of the individual referred to in the shipboard medical records as "Dr. Claudia.")

**See attached.**

19. Curriculum for the individual referred to in the shipboard medical records as "Dr. Kenyo.

**N/A**

20. Curriculum for the individual referred to in the shipboard medical records as "Nurse Xavier Rosales."

**See attached**.

21. Curriculum for the individual referred to in the shipboard medical records as "Nurse Michelle Paz."

**See attached**.

22. Contract for employment or services between for Dr. Claudia Patricia Gonzalez Chagin (or whatever is the correct name of the individual referred to in the shipboard medical records as "Dr. Claudia.")

and any entity responsible for placing her on the Carnival *Horizon* on the voyage during which she saw Plaintiff Maria Perez-Sera as a patient for her leg injuries.

**See attached.**

23.     Contract for employment or services between the person referred to in the shipboard medical records as "Dr. Kenyo" and any entity responsible for placing him on the Carnival *Horizon* on the voyage during which he saw Plaintiff Maria Perez-Sera as a patient for her leg injuries.

**N/A**

24.     Contract for employment or services between Nurse Xavier Rosales and any entity responsible for placing him on the Carnival *Horizon* on the voyage during which he saw Plaintiff Maria Perez-Sera as a patient for her leg injuries.

**This document has been requested and will be forwarded upon receipt.**

25.     Contract for employment or services between Nurse Michele Paz and any entity responsible for placing her on the Carnival *Horizon* on the voyage during which she saw Plaintiff Maria Perez-Sera as a patient for her leg injuries.

**This document has been requested and will be forwarded upon receipt.**

26.     Medical Department Policy and Procedures Manual, and any such written guidelines not contained in the manual, in effect at the time of the incident alleged in the complaint.

**Objection; unduly burdensome and overbroad in scope as there is no "Policy Manual" per se as medical guidelines are maintained electronically in HESS-MS.  Defendant will confer with Plaintiff in an effort to reach a reasonable compromise as it relates to the scope of this request.**

27.     The policy of insurance or protection and indemnity providing coverage for Defendants by reason of Plaintiffs claim and/or any documents establishing Defendant's self-insurance; along with the deductibles if any that apply and the amount of insurance available.

**There is no insurance, per se.  Defendant maintains protection and indemnity coverage through Steamship Mutual Underwriting Association Limited, whose rules of entry can be found in Benedicts on Admiralty, 8th Edition.  See Indemnity Agreements of Nurse Michelle Paz and Dr. Claudia Chagin Gonzalez in Response to Request for Production No. 18 and 21.**

28.     Statements of any form given by Plaintiff to anyone in Defendants' possession including but not limited to preparation of notes from oral statements taken from the plaintiff, which are incorporated into an incident or accident report.

**See response to Request No. 14 and 16.**

29.     Statements given by any witness or any other person who may have knowledge of relevant facts, with respect to the incident/accident alleged in the Complaint, including those given at or near the

time of the incident/accident by defendant's employees and while the facts of the incident(s)/accident(s) were still fresh in the memory of the witness.

**See response to Request No. 14 and 15.**

30.      Records of or receipts for any alcoholic beverages ordered by or served to Plaintiff Kristen Perez-Sera, <u>with signatures,</u> from the time she boarded the vessel until the time she reported to the ship's clinic for injuries after being hit by someone operating a motorized scooter in the pedestrian walkway.

**None.**

31.      Photographs, slides, motion pictures, or videotapes, including any possible surveillance of Plaintiff taken at any time, which are in Defendants' possession or the possession of Defendants' agents, servants or employees — including but not limited to Plaintiff going to and leaving the medical bay for care related to her injuries alleged in the complaint.

**See Response to Request for Production No. 3 and 4.**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on this 3rd day of February, 2021 to: Deborah J. Gander, Esq., COLSON HICKS EIDSON, Deborah@colson.com and Eservice@colson.com

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Michael J. Drahos* _____
   Michael J. Drahos
   Florida Bar No. 0617059
   *michael.drahos@gray-robinson.com*
   *lilia.parker@gray-robinson.com*