UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

      Plaintiff,

v.

CARNIVAL CORPORATION, a Panamian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

      Defendant.

_____/

**DEFENDANT CARNIVAL CORPORATION'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby files this Reply to Plaintiff's Response [ECF No. 55] to Defendant's Motion for Summary Judgment [ECF No. 43] and states as follows:

**I.    Summary Judgment On Plaintiff's Various Negligence Theories is Agreed To.**

In response to Defendant's Motion Summary Judgment, Plaintiff has withdrawn her negligence theories pertaining to (1) the Pennsylvania Rule; (2) negligent mode of operation pertaining to Defendant's policies and procedures; (3) negligent hiring; and (4) negligent training. ECF No. 55, pg. 17, n. 3. Accordingly, summary judgment is appropriate for these claims.

**II.     Defendant is Entitled to Summary Judgment on Plaintiff's Negligence and Failure to Warn Claims in Counts I and II.**

      a.      <u>Plaintiff has failed to prove Defendant had notice of a risk-creating condition.</u>

Plaintiff fails to provide evidence that Defendant had actual or constructive notice of a risk-creating condition related to her incident. Having largely abandoned her scooter-negligence theories, Plaintiff now argues that Defendant owed a duty of "crowd flow control" to her. This argument fails because there is no evidence in this case that (1) a crowd was present on deck 4; (2) that any hypothetical crowd posed a risk-creating condition to passengers; or (3) that Defendant had notice of a risk-creating condition associated with this hypothetical crowd, or constructive notice based on issues with previous crowds in the same area.

Plaintiff cites *Diaz v. Carnival Corp.*, 555 F.Supp.3d 1302 (S.D. Fla. 2021) in support of her crowd flow control argument, but that case is different. In *Diaz*, plaintiff alleged that a Carnival employee attempted to move a scooter out of a crowded area, but mistakenly accelerated it and ran into his foot in the process. Plaintiff alleged in part that Carnival failed to undertake crowd control measures, which caused his incident. The Court found evidence that the guest services area where plaintiff sustained injury "was filled with angry passengers and a large crowd" based on the testimony of a Carnival employee *Id.* at 1307. The plaintiff also testified that he heard arguments within the area, and plaintiff's wife testified she overheard a male passenger warning a female guest about the subject motorized scooter and the need to remove it from the line. *Id.* at 1308. The Court found there was sufficient record evidence to "question whether Carnival knew or should have known of a raucous crowd in the guest services area, failed to take preemptive measures to calm the passengers, and whether all this taken together caused the scooter to strike [p]laintiff." *Id.*

*Lancaster v. Carnival Corp.*, 85 F.Supp.3d 1341 (S.D. Fla. 2015) is also distinguishable from this case. There, the plaintiff alleged he fell over what he believed to be a piece of luggage during debarkation. *Id.* at 1343. The Court analyzed Carnival's duty of reasonable care as owing "its passengers the ordinary duty not to unreasonably **create or cause** (through selecting and dictating the manner of debarkation) a hazardous condition that in turn injures a passenger," relying in part on the since-abrogated *Rockey v. Royal Caribbean Cruise, Ltd.* case. *Id.* at 1345 (emphasis added). *Pizzino v. NCL (Bahamas), Ltd.*, 709 Fed.Appx. 563, 566-67 (11th Cir. 2017) held that *Rockey* and its progeny – cases that held a vessel operator could be held liable for "creating" a hazardous condition without evidence of notice – were wrongly decided. The Eleventh Circuit's *Yusko v. NCL (Bahamas), Ltd.* opinion soon followed which re-affirmed the notice requirement where a passenger seeks to hold a shipowner liable for maintaining a dangerous premises or for negligence related to the actions of other passengers. 4 F.4th 1164, 1170 (11th Cir. 2021). In addition to being decided under a different legal standard, there was also record evidence in *Lancaster* regarding safe debarkation procedures relied upon at the summary judgment stage. *Id*. at 1345-46.

Returning here, there is no record evidence of a "raucous crowd" as in *Diaz* that Defendant should have been aware of. Plaintiff's contention that a crowd was present on deck 4 at the time of her incident consists of the following record evidence: (1) a ship diagram [ECF No. 54-3]; and (2) Plaintiff's testimony that deck 4 is a shopping area and musicians play there [ECF No. 42-1; 54:2-21, 60:22-61:2]. This is not enough to establish a crowd was present in the area, let alone a crowd responsible for a risk-creating condition that Defendant should have been aware of that is responsible for Plaintiff's injuries.

Additionally, Plaintiff's argument that Defendant's alleged knowledge of "various elements, when combined, created the dangerous condition leading to [her] injuries" is not sufficient to show Defendant owed her a duty. ECF No. 55, pg. 9. "Knowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous." *Malley v. Royal Caribbean Cruises, Ltd.*, 713 Fed.Appx. 905, 908 (11th Cir. 2017) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)). Plaintiff has not shown that any design elements of deck 4 of the *Horizon*, whether individually or combined, posed a dangerous condition to passengers that Defendant should have been aware of. Moreover, *Pizzino* and *Yusko* have foreclosed the argument that a passenger can prove negligence without evidence of notice by arguing that a shipowner created the dangerous condition. Simply put, Plaintiff has failed to prove Defendant had actual or constructive notice of a risk-creating condition related to her injury. Therefore, Plaintiff's remaining negligence claims in Count I and II fail as a matter of law, and Defendant is entitled to summary judgment.

b.      <u>Encountering motorized scooters in a public area is an open and obvious risk.</u>

Plaintiff in her Amended Complaint alleges Defendant owed passengers a duty to warn of the dangers "posed by the scooters and the need to look in both directions for motorized scooters before stepping into a pedestrian pathway or area." ECF No. 9, pg. 15, ¶ 53. The open-and-obvious analysis focuses on what an objectively reasonable person would observe and does not take into account the plaintiff's subjective perceptions. Plaintiff's characterization of being "blindsided" by a motorized scooter from behind does not confer onto Defendant a duty to warn passengers of the need to look for scooters in pedestrian pathways or areas. Such a risk is one passengers encounter in everyday life while ambulating

in public areas. Therefore, summary judgment should be granted on Plaintiff's Failure to Warn claim (Count II).

      c.      Plaintiff cites no legal authorities or case law supporting her request for an <u>adverse inference pertaining to notice.</u>

At the outset, Defendant denies Plaintiff is entitled to spoliation sanctions against it pertaining to the CCTV footage at issue in this case. Plaintiff filed a separate motion for spoliation sanctions against Defendant contemporaneously with her response to Defendant's Motion for Summary Judgment. ECF No. 56. Defendant's response to Plaintiff's spoliation sanctions motion is therefore due one week following this filing, and Defendant incorporates its arguments in response as though fully stated herein.

Notwithstanding, Plaintiff does not cite any cases wherein a court has conferred notice onto a defendant as a spoliation sanction. In this case, Plaintiff had other means to establish the notice requirement, but did not do so. Now, her case has evolved from alleged negligence stemming from allowing motorized scooters onboard to a "crowd flow control" case that more easily fits her requested spoliation sanction, based on the missing CCTV footage of the incident. Plaintiff's speculation that video of the scooter collision would have provided evidence of notice – presumably, by showing a crowded area - is not supported by Plaintiff's own testimony regarding the scene of her incident, or the testimony of security officer Arvind Lagas who reviewed the footage onboard. Further, neither of Plaintiff's family members who were on the scene testified that a crowded area was to blame for Plaintiff's incident. As such, even assuming *arguendo* that spoliation sanctions were warranted in this case, Plaintiff has not shown that the CCTV footage would have provided her with evidence of Defendant's notice as it pertains to her negligence claims.

**III.   Defendant is Entitled to Summary Judgment on Plaintiff's Medical Negligence Claims in Counts IV and V.**

Plaintiff offers no evidence bearing on the shipboard medical standard of care in this case and/or whether it was breached. As such, Plaintiff has failed to establish a *prima facie* case of medical negligence, and Defendant is entitled to summary judgment on Counts IV and V. *See Disler v. Royal Caribbean Cruises, Ltd.*, No. 17-cv-23874-MORENO/LOUIS, 2019 WL 1316995, at *6 (S.D. Fla. Feb. 19, 2019) (recommending summary judgment on various medical treatment theories where plaintiff failed to disclose expert), *report and recommendation adopted*, No. 17-23874-CIV, 2019 WL 1992929 (S.D. Fla. Mar. 15, 2019); *Law v. Carnival Corp.*, No. 20-21105-Civ-TORRES, 2021 WL 3129631, at *3-4 (S.D. Fla. July 23, 2021) (granting summary judgment on medical negligence counts where plaintiff disclosed no expert on standard of care); *Quashen v. Carnival Corp.*, No. 1:20-cv-22299-KMM, 2021 WL 5978472, at *24 (S.D. Fla. Dec. 17, 2021) (granting summary judgment on medical negligence claim where there was no evidence a standard of care was breached); *Yvon v. Carnival Corp*, No. 1:19-cv-24173-UU, ECF No. 39 (S.D. Fla. June 18, 2020) (granting summary judgment where plaintiff offered no expert witness support for her claim of medical negligence).

Instead of martialing her own expert on the issue, Plaintiff contends there is a disputed issue of fact between Defendant's own shipboard medical standard of care expert and shipboard physician Dr. Chagin's testimony. This is a red herring. It is not disputed that Dr. Chagin advised Plaintiff to seek out orthopedic care at the conclusion of the cruise. *See* ECF No. 55, pg. 19 ("Plaintiff testified she could only recall being told to see an orthopedist at the *conclusion* of the cruise."). This aligns with the opinions of Defendant's shipboard medical

standard of care expert. ECF No. 42-11, ¶ 3 ("The ship's physician's continued monitoring, treatment and referral of the Plaintiff to a shoreside hospital for follow up imaging at the conclusion of the cruise was correct, was in the best medical interest of the Plaintiff and met the standard of care."). Plaintiff cannot escape summary judgment on her medical negligence through Dr. Chagin's testimony that she advised Plaintiff to see an orthopedic specialist as soon as possible. Plaintiff's failure to offer medical expert testimony in her case-in-chief means she is unable to establish a standard of care or that a breach occurred pertaining to her medical malpractice claims. Summary judgment on Counts IV and V is therefore warranted.

Additionally, Plaintiff concedes she has no expert testimony to establish whether her injuries were aggravated by her onboard medical treatment. ECF No. 55, pg. 19. She further acknowledges that she "cannot say her surgical course became necessary (or was complicated) because of the medical staff's negligence." *Id* at 20. However, she argues that her damage claims that are based on lay observations and require no such testimony remain fair game. But, it does not follow that Plaintiff's damage claims pertaining to medical negligence survive where she has failed to provide evidence of other required elements of medical negligence – namely, a breach of the standard of care and causation. Plaintiff's alleged damages based on "lay observations" cannot salvage her medical negligence theories where she has failed to proffer a medical expert on the standard of care or causation.  As such, summary judgment should be granted in Defendant's favor on Counts IV and V of Plaintiff's Amended Complaint.

[Signature block to follow]

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ W. Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    W. Cooper Jarnagin
    Florida Bar No. 117767
    *michael.drahos@gray-robinson.com*
    *cooper.jarnagin@gray-robinson.com*
    *lilia.parker@gray-robinson.com*

Case 1:20-cv-23463-MGC  Document 57  Entered on FLSD Docket 05/05/2022  Page 9 of 10

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ W. Cooper Jarnagin*

**SERVICE LIST**
**CASE NO.: 1:20-cv-23463-MGC**

Deborah J. Gander, Esq.
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (476)7400
Deborah@colson.com
Eservice@colson.com