UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23463-MGC

MARIA PEREZ-SERA,

      Plaintiff,

v.

CARNIVAL CORPORATION, a Panamian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE.

      Defendant.

_____/

**DEFENDANT CARNIVAL CORPORATION'S REPLY TO PLAINTIFF'S
RESPONSE TO STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION ("Defendant" or "Carnival"), by and through its undersigned counsel, and pursuant to Local Rule 56.1, hereby files this Reply to Plaintiff's Response [ECF No. 54] to Defendant's Statement of Materials Facts in Support of its Motion for Summary Judgment [ECF No. 42].

**REPLY TO PLAINTIFF'S RESPONSE [Pgs. 1 – 3]**

6.      Plaintiff's response that Ms. Smith completed the Mobility Questionnaire for a 2018 cruise fails to create a genuine issue of fact to preclude summary judgment.

10.      To the extent Plaintiff's response argues that she should have been provided with a wheelchair accessible cabin, she provides no evidence that entering or exiting a standard cabin affected her injuries.

12. While Plaintiff disputes that she was informed of "the radiologist's specific findings regarding the fracture," she does not dispute SOF ¶ 13. *See* ECF No. 54, pg. 3. ("On August 26, 2019, ship physician Dr. Chagin informed Plaintiff that she had a deformity of the right laterial tibial pleateau which may represent an acute fracture and advised her to seek an orthopedic referral as soon as possible." "Undisputed.").

16. Plaintiff fails to cite expert opinions to rebut Dr. Deben's opinions.

17. Plaintiff fails to cite expert opinions to rebut Dr. Bradberry's opinions.

**RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS [Pgs. 3 – 10]**

**The *Horizon*'s Layout**

18. Undisputed.

19. Undisputed.

20. Undisputed that deck 4 contains shops.

21. Undisputed that passengers ambulate through deck 4, but disputed as to Plaintiff's characterization of the deck 4 walkway as absorbing the flow of passengers exiting the casino. Plaintiff cites to no evidence in support of this characterization.

**The Scooter**

22. Undisputed.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed.

27.     Undisputed that Mr. Lagas testified he was not used to seeing scooters such as Ms. Smith's onboard the vessel, following a question as to whether the scooter was rented or leased from Carnival.

**The Incident**

28.     Undisputed for purposed of summary judgment.

29.     Undisputed.

30.     Undisputed.

31.     Undisputed.

32.     Undisputed.

33.     Undisputed.

34.     Undisputed.

35.     Undisputed for purposes of summary judgment.

36.     Undisputed.

**Plaintiff's Injuries**

37.     Undisputed for purposes of summary judgment.

38.     Undisputed.

39.     Undisputed that the radiology report was electronically signed on August 26, 2019.

40.     Undisputed.

41.     Disputed, and Plaintiff's cited record evidence does not support this fact. Rather, it confirms Dr. Claudia Chagin advised Plaintiff to see an orthopedist at the conclusion of the cruise.

42.     Undisputed that Plaintiff remained in her standard cabin for the duration of the cruise, and never requested a wheelchair accessible cabin. ECF 42-9; 154:17-155:11. Disputed to the extent that Plaintiff claims this exacerbated her injuries. Plaintiff has failed to offer a medical expert to opine on whether her injuries were exacerbated due to bearing weight during the cruise.

43.     Undisputed that that there is no specific medical note with this reference.

44.     Undisputed that Plaintiff was admitted to Doctor's Hospital on August 31, 2019.

45.     Undisputed.

46.     Undisputed.

47.     Undisputed for purposes of summary judgment.

48.     Undisputed.

49.     Undisputed for purposes of summary judgment.

**The Lost Video Surveillance**

**\* Defendant's response to Plaintiff's motion for spoliation sanctions is currently due next Thursday, May 12. Defendant incorporates by reference herein further facts to be explained in its response to that motion pertaining to the loss of the CCTV footage and Defendant's efforts to restore the hard drive that contained the CCTV footage.**

50.     Disputed as to Plaintiff's characterization of Defendant's discovery response. Plaintiff's Request for Production No. 2 requested materials in addition to "video of the actual collision" that Defendant addressed in response.

51.     Undisputed.

52.     Undisputed.

53.     Undisputed.

54.     Undisputed.

55.     Undisputed.

56.     Undisputed.

57.     Undisputed regarding the contents of the e-mail from DataLab.

58.     Undisputed that DataLab submerged the discs in medical grade alcohol to try and restore the hard drive. Disputed to the extent that this statement as phrased blames a *Carnival* technician for the loss of the CCTV footage.

59.     Undisputed.

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ W. Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    W. Cooper Jarnagin
    Florida Bar No. 117767
    michael.drahos@gray-robinson.com
    cooper.jarnagin@gray-robinson.com
    lilia.parker@gray-robinson.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 5, 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/  W. Cooper Jarnagin*

**SERVICE LIST**
**CASE NO.: 1:20-cv-23463-MGC**

Deborah J. Gander, Esq.
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (476)7400
Deborah@colson.com
Eservice@colson.com