**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23463-Civ-COOKE/GOODMAN**

MARIA PEREZ-SERA,

      Plaintiff,

v.

CARNIVALORATION, a Panamanian
Corporation, the owner and operator of the
Trademark CARNIVAL CRUISE LINE,

      Defendant.

_____/

**<u>JOINT PROPOSED JURY INSTRUCTIONS</u>**

PROPOSED JURY INSTRUCTION NO.___
1.1 General Preliminary Instruction
*[Preliminary Instructions Before Trial]*

<u>Members of the Jury:</u>

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty:</u>

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct

or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a

question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- · the witness's memory;
- · the witness's manner while testifying;
- · any interest the witness has in the outcome of the case;
- · any bias or prejudice the witness may have;
- · any other evidence that contradicts the witness's testimony;
- · the reasonableness of the witness's testimony in light of all the evidence; and
- · any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Maria Perez-Sera, claims the Defendant, Carnival, was negligent in failing to exercise reasonable care for the safety of its passengers; in failing to train and supervise its crew; in failing to properly warn passengers of a risk Carnival knew about; and in providing Ms. Perez-Sera with negligent medical care and treatment onboard. Carnival denies it is responsible for another passenger operating a scooter into Maria Perez-Sea; denies passengers needed to be warned of other passengers operating scooters onboard; and contends that Maria Perez-Sera received appropriate medical care and treatment aboard its vessel.

Burden of proof:

Maria Perez-Sera has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Maria Perez-Sera must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Maria Perez-Sera and the evidence favoring Carnival on opposite sides of balancing scales, Maria Perez-Sera needs to make the scales tip to her side. If Maria Perez-Sera fails to meet this burden, you must find in favor of Carnival

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a

claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Carnival has the burden of proving the elements of a defense by a preponderance of the evidence.  I'll instruct you on the facts Carnival must prove for any affirmative defense. After considering all the evidence, if you decide that Carnival has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social- networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.

You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Maria Perez-Sera will present her witnesses and ask them questions. After Maria Perez-Sera questions the witness, Carnival may ask the witness questions – this is called "cross-examining" the witness. Then Carnival will present its witnesses, and Maria Perez-Sera may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

—

AUTHORITY: Eleventh Circuit Pattern Jury Instruction (Civil Cases) § 1.1 (Amended 2020).

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO.___
1.3 Official English Translation/Interpretation
*[Preliminary Instructions]*

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters/translators. It is important that all jurors consider the same evidence. So even if some of you understand the language being interpreted, you must accept the English translation provided and disregard any different meaning.

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

AUTHORITY: Eleventh Circuit Pattern Jury Instruction (Civil Cases) § 1.3 (2013)(modified).

PROPOSED JURY INSTRUCTION NO.___
1.4 Jury Questions
*[Preliminary Instructions]*

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 1.4 (2013).

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO.___
1.5 Interim Statements
*[Preliminary Instructions]*

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 1.5 (2013).

GRANTED           _____
DENIED            _____
MODIFIED          _____
WITHDRAWN         _____

PROPOSED JURY INSTRUCTION NO.
2.1Stipulations
*[Trial Instructions]*


Sometimes the parties have agreed that certain facts are true. This

agreement is called a stipulation. You must treat these facts as proved for this

case.


___


AUTHORITY**:** 11th Circuit Pattern Jury Instructions (Civil Cases) § 2.1 (2013).

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO.___
2.2 Use of Depositions
*[Trial Instructions]*

A deposition is a witness' sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition testimony of [names of witness] taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness as testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 2.2 (2013).

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

13

PROPOSED JURY INSTRUCTION NO.___
2.5 Judicial Notice
*[Trial Instructions]*


The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.



AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 2.5 (2013).


GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO. __
2.6 Use of Interrogatories
*[Trial Instructions]*

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to interrogatories as though [name of party] gave the answers on the witness stand.

_____

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 2.6 (2013)(edited to add "interrogatories" to last sentence).

GRANTED          _____
DENIED            _____
MODIFIED         _____
WITHDRAWN    _____

PROPOSED JURY INSTRUCTION NO.___
*[Basic Instructions]*

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your

discussions, sometimes called deliberations.

_____

AUTHORITY**:** 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.1 (2013).

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO.___

*3.2.2 The Duty to Follow Instructions – Corporate Party Involved (as modified)*
*[Basic Instructions]*

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees or agents; and, in general, a corporation is responsible under the law for the acts and statements of its employees or agents; that are made within the scope of their duties as employees of the company.

DEFENDANT'S OBJECTION:        *Plaintiff's instruction unnecessarily adds the word "agent."*

_____

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.2.2 (2013)(modified to add "or agents" to Pattern Instruction). (modified to add "agent")

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

**<u>DEFENDANT'S PROPOSED</u>**

**<u>3.2.2 THE DUTY TO FOLLOW INSTRUCTIONS -  CORPORATE PARTY INVOLVED –</u>**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**GRANTED** _____
**DENIED** _____
**MODIFIED** _____
**WITHDRAWN** _____

**<u>Authority:</u>**    **U.S. Eleventh Circuit Pattern Jury Instructions – Preliminary Instruction 3.2.2**

PROPOSED JURY INSTRUCTION NO. __
3.3 Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court
*[Basic Instructions]*

As I said before, you must consider only the evidence that I have admitted in the case.

Evidence includes the testimony of witnesses and the exhibits admitted.

But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

_____

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.3 (2013).

GRANTED         _____
DENIED          _____
MODIFIED        _____
WITHDRAWN       _____

PROPOSED JURY INSTRUCTION NO. __
3.4 Credibility of Witnesses
*[Basic Instructions]*

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.4 (2013).

GRANTED         _____
DENIED          _____
MODIFIED        _____
WITHDRAWN       _____

PROPOSED JURY INSTRUCTION NO. __
3.5.1 Impeachment of Witnesses Because of Inconsistent Statement
*[Basic Instructions]*

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

_____

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.5.1 (2013).

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO. __
3.6.2 Expert Witness – When Expert Fees Represent a
Significant Portion of the Witness's Income
*[Basic Instructions]*

When scientific, technical or other specialized knowledge might be helpful, a

person who has special training or experience in that field is allowed to state an

opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any

other witness's testimony, you must decide for yourself whether to rely upon the

opinion.

When a witness is being paid for reviewing and testifying concerning the

evidence, you may consider the possibility of bias and should view with caution

the testimony of such witness where court testimony is given with regularity and

represents a significant portion of the witness's income.

_

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.6.2 (2013).

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO. __
3.7.1 Responsibility for Proof – Plaintiff's Claims -
Preponderance of the Evidence
*[Basic Instructions]*

In this case it is the responsibility of Maria Perez-Sera to prove every essential part of her claims by a preponderance of the evidence. This is sometimes called the "burden of proof" or the "burden of persuasion."

A preponderance of the evidence simply means an amount of evidence that is enough to persuade you that Maria Perez-Sera claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Maria Perez-Sera.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Maria Perez-Sera's claims by a preponderance of the evidence, you should find for the Carnival as to that claim.

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.7.1 (2013).

23

GRANTED       _____
DENIED       _____
MODIFIED       _____
WITHDRAWN       _____

PROPOSED JURY INSTRUCTION NO. __
402.3 GREATER WEIGHT OF THE EVIDENCE

The preponderance of the evidence is sometimes referred to as the "Greater weight of the evidence".  Greater weight of the evidence means the more persuasive and convincing force and effect of the entire evidence in the case. The terms preponderance of the evidence and greater weight of the evidence are interchangeable.

AUTHORITY: Fla. St. J. Instruction 402.3 (modified).

GRANTED            _____
DENIED             _____
MODIFIED           _____
WITHDRAWN          _____

*PROPOSED JURY INSTRUCTION NO. __*
*401.2 SUMMARY OF CLAIMS*

*The claim in this case is as follows. Maria Perez-Sera claims that the Defendant, Carnival, was negligent in failing to exercise reasonable care for the safety of its passengers; in failing to train and supervise its crew; in failing to properly warn passengers of a risk Carnival knew about; and in providing Ms. Perez-Sera with negligent medical care and treatment onboard.*

*Carnival denies those claims.*

*The parties must prove all claims and all defenses by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.*

*DEFENDANT'S OBJECTION:  Improperly utilizes Florida Jury Instruction.*

*AUTHORITY: Fla. St. J. Instruction 401.2.*

*GRANTED*         _____
*DENIED*          _____
*MODIFIED*       _____
*WITHDRAWN*    _____

*PROPOSED JURY INSTRUCTION NO.* ___
*401.4 NEGLIGENCE*

*Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.*

*DEFENDANT'S OBJECTION:  Improperly utilizes Florida Jury Instruction.*

*AUTHORITY: Florida Standard Jury Instruction 401.4*

*GRANTED*          _____
*DENIED*           _____
*MODIFIED*         _____
*WITHDRAWN*        _____

*PROPOSED JURY INSTRUCTION NO. \_\_\_\_*
*401.12 LEGAL CAUSE*

*Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.*

*In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another, some natural cause or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.*

*Negligence may also be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause, or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury or damage, or the resulting loss, injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.*

*DEFENDANT'S OBJECTION:  Improperly utilizes Florida Jury Instruction and is duplicative of Defendant's Proposed 8.1-Negligence Instruction.*

*AUTHORITY: Fla. St. J. Instruction 401.12(a),(b), (c).*

*GRANTED*          _____
*DENIED*           _____
*MODIFIED*         _____
*WITHDRAWN*        _____

*PROPOSED JURY INSTRUCTION NO. ___*
*401.13(b) PRELIMINARY ISSUES — VICARIOUS LIABILITY*


*Defendant Carnival is responsible for any negligence of its officers, agents, or employees.*


*DEFENDANT'S OBJECTION:  Improperly utilizes Florida Jury Instruction and is unnecessary and duplicative of Instruction 3.7.1.*


*AUTHORITY: Fla. St. J. Instruction 401.13(b)*

*GRANTED* _____
*DENIED* _____
*MODIFIED* _____
*WITHDRAWN* _____

*PROPOSED JURY INSTRUCTION NO.* __
*401.20     ISSUES ON MAIN CLAIM*

*The issues you must decide on Maria Perez-Sera's claim against Carnival are:*

*Whether Carnival negligently failed to maintain the ship in a reasonably safe condition; or negligently failed to correct a dangerous condition about which Carnival either knew or should have known, by the use of reasonable care; or negligently failed to warn Maria Perez-Sera of a dangerous condition about which Carnival had, or should have had, knowledge greater than that of Ms. Perez-Sera; or whether Carnival provided negligent medical care to Ms. Perez-Sera while onboard; and, if so, whether that negligence was a legal cause of loss, injury, or damage to Maria Perez-Sera.*

*DEFENDANT'S OBJECTION:  Improperly utilizes Florida Jury Instruction.*

*AUTHORITY: Fla. St. J. Instruction 401.20.*

*GRANTED* _____
*DENIED* _____
*MODIFIED* _____
*WITHDRAWN* _____

_____

## DEFENDANT'S PROPOSED

### 8.1 – Negligence

In this case the Plaintiff, Maria Perez-Sera, claims that Carnival was negligent and that such negligence was a legal cause of damage sustained by her.

In order to prevail on her claims for negligence, Maria Perez-Sera must prove each of the following facts by a preponderance of the evidence:

- First: you must find that Carnival was negligent in one or more of the ways claimed by Maria Perez-Sera; and

- Second: you must find that such negligence was a legal cause of the injury or damage that Maria Perez-Sera sustained.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

"Negligence" is the failure to use reasonable care under the circumstances. Reasonable care is that degree of care that a reasonably careful person would use under similar circumstances. Negligence means doing something that a reasonably careful person would not do under similar circumstances or failing to do something that a reasonably careful person would do under similar circumstances.

Reasonable care on the part of a doctor in an admiralty case involving medical malpractice is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful doctors in the same maritime environment. Negligence on the part of a doctor is doing something that a reasonably careful doctor in the same maritime environment would not do under like circumstances or failing to do something that a reasonably careful doctor in the same maritime environment would do under like circumstances.

Negligence is a legal cause of injury or damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such injury or damage, so that it can reasonably be said that, but for the negligence, the injury or damage would not have occurred. In order to be regarded as a legal cause of injury or damage, negligence need not be the only cause. Negligence may be a legal cause of injury or damage even though it operates in combination with the act of another, some natural cause, or some other cause if the negligence contributes substantially to producing such injury or damage.

If a preponderance of the evidence does not support Maria Perez-Sera's negligence claims, then your verdict should be for Carnival. If, however, a preponderance of the evidence supports Maria Perez-Sera's negligence claims, you must then consider the issue of Maria Perez-Sera's damages.

**PLAINTIFF'S OBJECTION:  Defendant is picking individual elements from a modified, partial Jones Act Pattern Instruction that applies only to claims brought by seamen (crewmembers) against their maritime employers.  Further, as to the paragraph that is specific to healthcare providers, in admiralty cases, the proper standard for malpractice is simply whether the physician exercised the degree of care and skill of the average qualified practitioner of the art and science of medicine, without regard to geographic locale, rather than a rule that the physician is held only to the standard of care existing in the area in which he practices.  *Fitzgerald v. A.L. Burbank & Co. Ltd.*, 451 F.2d 670, 680 (2d Cir. 1971)**

**GRANTED** _____
**DENIED** _____
**MODIFIED** _____
**WITHDRAWN** _____

**Authority:     U.S. Eleventh Circuit 2013 Pattern Jury Instructions –Instruction 8.1.
(*Modified*)**

## DEFENDANT'S PROPOSED

### Comparative Negligence – Defendant's Proposed

Carnival contends that Maria Perez-Sera was also negligent and that such negligence was a legal cause of Maria Perez-Sera's own injury. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon Carnival, which must establish:

First: That Maria Perez-Sera was also "negligent;" and

Second: That such negligence was a "legal cause" of Maria Perez-Sera's damages.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

Finding in favor of Carnival on this defense will not prevent recovery by Maria Perez-Sera; it will only reduce the amount of her recovery. In other words, if you find that the accident was due partly to the fault of Maria Perez-Sera – that her own negligence was, for example, 50% responsible for her own damage – then you would fill in that percentage as your finding on the special verdict form I will explain in a moment. Such a finding would not prevent Maria Perez-Sera from recovering; the Court would merely reduce Maria Perez-Sera's total damages by the percentage you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that Maria Perez-Sera was negligent, you might find 1% or 99%.

PLAINTIFF'S OBJECTION:  Plaintiff objects to a Comparative Negligence instruction where the facts and testimony are undisputed that Plainti8ff was struck from behind, without warning, while standing in a place she and pedestrians were allowed, expected by Carnival, and encouraged to be.  This version of events was confirmed by the Carnival employee who viewed surveillance footage of the actual incident.

GRANTED          _____
DENIED            _____
MODIFIED        _____
WITHDRAWN   _____

**Authority:**      U.S. Eleventh Circuit 2013 Pattern Jury Instructions –Instruction 8.1.
(*Modified*)

## DEFENDANT'S PROPOSED

### Duty of Care and Notice – Defendant's Proposed

The owner of a ship owes all passengers on board a duty to exercise reasonable care under the circumstances.  Under the law, a shipowner is not an insurer of the safety of its passengers. A shipowner has a duty to exercise reasonable care under the circumstances and this is a standard which requires, as a prerequisite to imposing liability, that it had actual or constructive notice of the risk creating condition.

"Actual notice" is knowledge or information given directly to or received personally by a party. "Constructive notice" is notice presumed to have been acquired by a party based upon the existing facts and circumstances. The mere fact that an accident occurs does not give rise to a presumption that the circumstances of the alleged accident constituted a dangerous condition.

To recover for injuries sustained in her fall, Maria Perez-Sera must show either that Carnival (1) had actual notice of the condition of which she complains; or (2) that the dangerous condition existed for such a length of time that in the exercise of ordinary care, Carnival should have known of it.

PLAINTIFF'S OBJECTION:  A cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). A plaintiff satisfies this element if it shows that "(1) a dangerous condition existed; [and] (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that [d]efendant had constructive notice of the dangerous condition[.]" *Stewart v. Carnival Corp.*, 365 F. Supp. 3d 1272, 1275 (S.D. Fla. 2019) (citation omitted).

GRANTED         _____
DENIED          _____
MODIFIED        _____
WITHDRAWN       _____

Authorities: *Luther v. Carnival Corporation*, 99 F. Supp. 3d 1368, 1371 (S.D. Fla. 2015); *Wish v. MSC Crociere S.A.*, 2008 WL 5137149, at *3 (S.D. Fla. 2008); *Luby v. Carnival Cruise Lines,* 633 F. Supp. 40 (S.D. Fla. 1986); *Bird v. Celebrity Cruise Line, Inc.,* 428 F. Supp. 2d

*1275* (S.D. Fla. 2005). *Keefe v. Bahamas Cruise Line, Inc.*, 867 F. 2d 1318, 1990 AMC 46 (11th Cir. 1989); *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358-1359 (11th Cir. 1990); *Harnesk v. Carnival Cruise Line, Inc.*, 1992 AMC 1472, 1477-1478 (S.D. Fla. 1991); *Reinhardt v. Royal Caribbean Cruises*, Ltd., 2013 U.S. Dist. LEXIS 186289, 13-14 (S.D. Fla. 2013); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006); *Long v. Celebrity Cruises, Inc.*, No. 12-22807-CV, 982 F. Supp. 2d 1313, 2013 U.S. Dist. LEXIS 164035, 2013 WL 6043918, at *3-4 (S.D. Fla. 2013); *Frasca v. NCL (Bah.) LTD.*, 2014 U.S. Dist. LEXIS 49060, 23 (S.D. Fla. 2014); *Pizzino v. NCL (Bah.) Ltd.,* 709 F. App'x 563 (11th Cir. 2017).

## DEFENDANT'S PROPOSED

### Open and Obvious – Defendant's Proposed

A ship operator's duty to warn its passenger of dangers extends only to those dangers which are not apparent or obvious to the passenger. An open and obvious danger is one that is perceivable to the person through the ordinary use of his or her senses.

The ship operator is entitled to expect a ship passenger to take necessary precautions for his or her own safety, including perceiving obvious conditions through the ordinary use of his or her senses.

PLAINTIFF'S OBJECTION:  There is a crucial distinction between "com[ing] into contact" with motorized scooters, and being forcibly thrown to the ground when one is struck from behind – blindsided – by a motorized scooter. Because no reasonable person would anticipate the latter, the risk is not open and obvious.

In assessing whether a danger is open and obvious, courts "are guided – as in general tort law – by the 'reasonable person' standard." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020)(citation omitted).  Here, as in *Carroll*, the question is whether "a reasonable person would have observed the [condition] and appreciated the risk of walking through the narrow passageway under the circumstances." *Id.* (evaluating whether a reasonable person would have observed a deck chair leg protruding into her path).

Plaintiff testified she did not see or hear the scooter before it struck her. (Perez-Sera Dep., Vol. I [ECF No 42-1] at 64:6–12). And when asked if there was anything she could have done to avoid the scooter, her answer was straightforward – move away, "*[i] I would have seen it*." (*Id.* at 67:10–14) (emphasis added). As reflected in the following photograph, no person standing near the red circle (where Plaintiff was located) could have seen a scooter advancing from left of the blind corner (especially if she were facing in the opposite direction):



Because a reasonable person could not have observed the scooter's approach from behind or appreciate the danger that it posed, the risk is not open and obvious. *See Malley v.*

***Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 908 (11th Cir. 2017) ("To determine whether a condition is open and obvious, this Court asks whether a reasonable person would have observed the condition and appreciated the nature of the condition."); *accord Carroll*, 955 F.3d at 1265 (passenger "could not see the foot of the lounge chair that she tripped on nor around the curve of the walkway," thus supporting an inference that the condition was not open and obvious).**

**GRANTED** _____

**DENIED** _____

**MODIFIED** _____

**WITHDRAWN** _____

**<u>Authorities</u>: *See Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 907908 (11th Cir. 2017)*; John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351-53 (S.D. Fla. 2008); *Smith v. Royal Caribbean Cruises*, Ltd., 620 F. App'x 727, 730 (11th Cir. 2015)*; Luby v. Carnival Cruise Lines, Inc*., 633 F. Supp. 40, 42, n. 1 (1986); *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1357 (2013); *Taiariol v. MSC Crociere, S.A*., 2016 U.S. Dist. LEXIS 48966, \*6-8 (S.D. Fla. April 12, 2016); *Smith v. Norwegian Cruises, Ltd*., 620 F. App'x 727, 730 (11th Cir. 2015); *Lugo v. Carnival Corp*., 154 F.Supp.3d 1341, 1345-46 (S.D. Fla. 2015) (quoting *Lancaster v. Carnival Corp*., 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015).**

PROPOSED JURY INSTRUCTION NO.____
401.21 BURDEN OF PROOF ON MAIN CLAIM

If the greater weight of the evidence does not support one or more of Maria Perez-Sera's claim(s), then your verdict should be for Carnival on that claim.

However, if the greater weight of the evidence supports one or more of Maria Perez-Sera's claim(s), then your verdict should be for Maria Perez-Sera and against Carnival on those claim(s).

AUTHORITY: Fla. St. J. Instruction 401.21.

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

PROPOSED JURY INSTRUCTION NO. ___
401.22 DEFENSE ISSUES

If the greater weight of the evidence one or more of Maria Perez-Sera's

claims, then you shall consider the defense(s) raised by Carnival

On the [first]* defense, the issue(s) for you to decide [is]:

AUTHORITY: Fla. St. J. Instruction 401.22.

GRANTED          _____
DENIED            _____
MODIFIED          _____
WITHDRAWN         _____

PROPOSED JURY INSTRUCTION NO. __
401.23 BURDEN OF PROOF ON DEFENSE ISSUES

If the greater weight of the evidence does not support Carnival's defenses and

the greater weight of the evidence does support Maria Perez-Sera's claim, then your

verdict should be for Maria Perez-Sera's in the total amount of her damages.

AUTHORITY: Fla. St. J. Instruction 401.23.

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

*PROPOSED JURY INSTRUCTION NO. __*
*501.1 DAMAGES: INTRODUCTION*

*If your verdict is for the Defendant, you will not consider the matter of damages. But if you find for Plaintiff Maria Perez-Sera, you should award Plaintiff Maria Perez-Sera an amount of money that the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury or damage, including any damage Plaintiff Maria Perez-Sera is reasonably certain to experience in the future.  You shall consider the following elements:*

*a.      Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:*

*Any bodily injury sustained by Maria Perez-Sera and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future.  There is no exact standard for measuring such damage.  The amount should be fair and just in the light of the evidence.*

*b.      Medical Expenses:*

*The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Maria Perez-Sera in the past or to be so obtained in the future.*

*DEFENDANT'S OBJECTION: Improperly utilizes Florida Jury Instruction.*

*AUTHORITYs:        Fla. Standard Jury Instruction, No. 501.1(b) and 501.2(a)(b) &(c).*

*GRANTED             _____*
*DENIED               _____*
*MODIFIED            _____*
*WITHDRAWN       _____*

## DEFENDANT'S PROPOSED

## 501.1 DAMAGES – INTRODUCTION

### Damages

If the evidence proves negligence on the part of Carnival, you should award Maria Perez-Sera an amount of money that will fairly and adequately compensate her for such damage.

In considering the issue of Maria Perez-Sera's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of her damages, no more and no less. Compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Maria Perez-Sera for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Medical and hospital expenses, past and future;
(b) Physical pain and mental anguish, past and future;
(c) Permanent injury, disability, scarring, disfigurement, impairment, inconvenience, and loss of capacity for the enjoyment of life experienced in the past and in the future; and
(d)  Aggravation or activation of preexisting conditions.


**PLAINTIFF'S OBJECTION:  Defendant is picking individual elements from a modified, partial Jones Act Pattern Instruction that applies only to claims brought by seamen (crewmembers) against their maritime employers.**

GRANTED          _____
DENIED            _____
MODIFIED        _____
WITHDRAWN    _____


Authority:      Eleventh Circuit Civil Pattern Jury Instruction 8.1 (2013)(modified)

## DEFENDANT'S PROPOSED

### Supplemental Damages Instruction 1.1 - Duty to Mitigate – Defendant's Proposed

You are instructed that any person who claims as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - -that is, to take advantage of any reasonable opportunity she may have had under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Maria Perez-Sera failed to seek out or take advantage of a business or employment opportunity that was reasonably available to her under all the circumstances shown by the evidence, then you should reduce the amount of her damages by the amount she could have reasonably realized if she had taken advantage of such opportunity.

**PLAINTIFF'S OBJECTION:**  This case does not involve anyone failing to seek out, or take advantage of a business or employment opportunity that was readily available.  Plaintiff had retired from work shortly before the cruise and does not have a wage loss claim.

**GRANTED** _____
**DENIED** _____
**MODIFIED** _____
**WITHDRAWN** _____

**Authority:**    U.S. Eleventh Circuit Pattern Jury Instructions – Supplemental Damages Instructions 1.1

_____

43

PROPOSED JURY INSTRUCTION NO. __
501.5  OTHER CONTRIBUTING CAUSES

If you find that Carnival caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Maria Perez-Sera's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Ms. Perez-Sera.

AUTHORITY: Fla. St. J. Instruction 501.5(a).

GRANTED           _____
DENIED            _____
MODIFIED          _____
WITHDRAWN         _____

*PROPOSED JURY INSTRUCTION NO.* __
*501.6 MORTALITY TABLES*

*If the greater weight of the evidence shows that Maria Perez-Sera has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Maria Perez-Sera may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Ms. Perez-Sera's health, age, and physical condition, before and after the injury, in determining the probably length of her life.*

*DEFENDANT'S OBJECTION:        Improperly utilizes Florida Jury Instruction.*

*AUTHORITY: Fla. St. J. Instruction 501.6.*

*GRANTED*        _____
*DENIED*         _____
*MODIFIED*       _____
*WITHDRAWN*      _____

45

## DEFENDANT'S PROPOSED

### Supplemental Damages Instruction 3.1 -Mortality Tables – Actuarial Evidence

      If a preponderance of the evidence shows that Maria Perez-Sera has been permanently injured, you may consider her life expectancy.  The mortality tables received in evidence may be considered in determining how long she may be expected to live.  Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group.  So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on Maria Perez-Sera's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of her life.

**PLAINTIFF'S OBJECTION:  Plaintiff has not seen Defendant's proposed instruction in the Eleventh Circuit pattern so is using the Florida Standard on the same issue.**

GRANTED        _____
DENIED         _____
MODIFIED      _____
WITHDRAWN   _____

Authority:    Eleventh Circuit Pattern Jury Instructions - Supplemental Damages Instructions 3.1

PROPOSED JURY INSTRUCTION NO. __
3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages
*[Basic Instructions]*

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

––––––

AUTHORITY: 11th Circuit Pattern Jury Instructions (Civil Cases) § 3.8.1 (2013).

GRANTED        _____
DENIED         _____
MODIFIED       _____
WITHDRAWN      _____

36

PROPOSED JURY INSTRUCTION NO. __

<u>3.9 Election of Foreperson/Explanation of Verdict Form- Joint</u>

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

GRANTED          _____
DENIED           _____
MODIFIED         _____
WITHDRAWN        _____

<u>Authority:</u>   Eleventh Circuit Pattern Jury Instructions, Civil Cases § 3.9 (2013)

37